Filed 2/21/14  P. v. Gohs CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| THE PEOPLE, | C073895 |
| Plaintiff and Respondent, | (Super. Ct. No. 62120875) |
| v. | |
| CHRISTOPHER ALBERT GOHS, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Christopher Albert Gohs has asked this court to review the record to determine whether there exist any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  We shall affirm the judgment.

**BACKGROUND**

Pursuant to a plea bargain, defendant pled no contest in case No. 62120875 to one count of preparing false documentary evidence (Pen. Code, § 134) and agreed that the no contest plea would also constitute an admission of violation of probation in case Nos.

1

6299846C (Pen. Code, § 273a, subd. (a) -- child cruelty) and 6296748A (Health & Saf. Code, § 11173, subd. (a) -- obtaining/attempting to obtain controlled substance by documentary deceit).  It was further agreed that his aggregate term would be three years four months in custody, consisting of two years in 6299846C and consecutive terms of eight months in case Nos. 6296748A and 62120875, and that his probation in three other misdemeanor cases and one felony case would be terminated as unsuccessful.

At the time of the plea, the trial court informed defendant that he was charged with preparing false documentary evidence on March 7, 2013, and asked whether he had read both sides of an advisement form, if he had any questions regarding his rights, and if he had signed the form.  Defendant responded "yes" to each query and counsel joined.  The advisement of rights form stated defendant had enough time to speak with his attorney about the case, he had told his attorney everything he knew about the case, and his attorney had explained to him his rights, defenses, and the possible consequences of his plea.  Counsel for defendant signed a part of the advisement of rights form which affirmed the truth of defendant's representations regarding his consultation with counsel.

Immediately after the entry of the plea and admissions, defendant was sentenced in accordance with the agreement.  For all three cases, the court awarded a total presentence custody credit of 237 days (119 actual, 118 conduct).  The court also imposed fines and fees as set forth in the abstract of judgment.

Defendant appeals.  He did not obtain a certificate of probable cause (CPC).

**DISCUSSION**

Counsel filed an opening brief that sets forth the facts of the case and requests that this court review the record and determine whether it reflects any arguable issues on appeal.  (*Wende, supra,* 25 Cal.3d 436.)  Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days have elapsed, and we have received no communication from defendant.  We

2

have reviewed the record in its entirety and find no error that might result in a disposition more favorable to defendant.[1]

## DISPOSITION

The judgment is affirmed.

                                                                         DUARTE        , J.

We concur:

    BLEASE       , Acting P. J.

    NICHOLSON    , J.

---

[1] We see no factual basis in the record, stipulated or otherwise. However, because defendant did not obtain a CPC, he cannot challenge the sufficiency of the evidence supporting a factual basis for his plea, and we are prohibited from reviewing any issue related to the sufficiency of the trial court's inquiry into the factual basis for defendant's plea. (See *People v. Thurman* (2007) 157 Cal.App.4th 36, 44 fn. 6 [a contention that the court failed to make a sufficient inquiry into the factual basis for the plea challenges the legality of the plea]; *People v. Mendez* (1999) 19 Cal.4th 1084, 1099 [appellate court must decline to review an issue that requires a CPC in the absence of a CPC].)