Filed 12/8/15  P. v. Slay CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>BOBBY BYRON SLAY, SR.,<br><br>Defendant and Appellant. | C079479<br><br>(Super. Ct. No. CRF14-668) |

Appointed counsel for defendant Bobby Byron Slay, Sr., has filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Defendant has filed a supplemental brief claiming:  (1) his case took too long to progress from arrest to conviction; (2) he received ineffective assistance of counsel at sentencing; (3) he had a valid medical marijuana card; (4) his jail sentence should be one year rather than two, and (5) he was not armed when he was arrested.

1

As we explain, defendant's claims lack merit. We have reviewed the record searching for any arguable error that would result in a disposition more favorable to him. Because the trial court inadvertently failed to dismiss count 2 and strike the penalty enhancements as to both counts 1 and 2, we modify the judgment to do so, thus conforming the judgment to the actual plea. We affirm the judgment as modified.

## BACKGROUND

In September 2012, defendant was charged in Yuba County Superior Court case No. F-13-658 (case No. 658) with transporting marijuana with the intent to sell (Health & Saf. Code, § 11360, subd. (a)), and possessing concentrated cannabis (Health & Saf. Code, § 11357, subd. (a)), both felonies.

In January 2014, the trial court ordered defendant to appear in court in case No. 658. Defendant failed to appear as directed in March and a bench warrant issued. Defendant appeared in court in September 2014, and was ordered to appear in October. Defendant again failed to appear.

The People then charged defendant in case No. 14-668 (Case No. 668) with two counts of felony failure to appear (FTA). (Pen. Code, § 1320, subd. (b).)[1] The People further alleged as to both counts that defendant was released on his own recognizance (OR) in case No. 658 at the time of his FTA. (§ 12022.1, subd. (b).)

Pursuant to a negotiated plea agreement, defendant pleaded guilty to one felony FTA count (count 1). In exchange for his plea, the People agreed they would move to dismiss the remaining FTA count (count 2) at sentencing, and strike the two enhancements, as well as dismiss case No. 658 in its entirety with a waiver pursuant to *People v. Harvey* (1979) 25 Cal.3d 754. The People further agreed defendant would be released on OR for six months on the condition that he complete a residential drug

---

[1] Further undesignated statutory references are to the Penal Code.

2

treatment program during that time. Completing the program would render him eligible for a grant of probation based on an unusual case finding.

The trial court released defendant OR pursuant to the terms of the plea agreement. On January 20, 2015, defendant failed to appear for a scheduled hearing. The court was advised that defendant had not entered the residential drug treatment program. Defendant's release was then revoked and a bench warrant issued for his arrest. That bench warrant was later recalled, but defendant again failed to appear on May 5, 2015, and another arrest warrant issued.

Defendant appeared for sentencing on June 8, 2015. The trial court denied defendant's request for probation and sentenced him to two years in county jail. The trial court dismissed case No. 658, ordered defendant to pay various fines and fees, and awarded him 72 days of custody credit.

Defendant appeals without a certificate of probable cause.

## DISCUSSION

A. *Defendant's Supplemental Brief*

Defendant first contends the delay between the traffic stop in September 2012 and his ultimate conviction was "exces[s]ive." He overlooks that the FTA charge to which he ultimately pleaded guilty did not arise until November 2014, at which time he had spent many months unaccounted for due to multiple FTAs. As we have described *ante*, at his November 2014 plea, he asked for and received a six month delay to qualify for probation and then twice failed to appear at required hearings, in addition to leaving the program. Any delay was the direct result of defendant's actions. Further, defendant does not argue prejudice, and we see none. (See *People v. Johnson* (1980) 26 Cal.3d 557, 574 [defendant raising issue of delay for the first time postconviction must show prejudice resulting from delay].)

Next, defendant contends he should have been sentenced pursuant to "Prop. 47" and that his counsel was ineffective for not raising the issue. He does not argue how or

3

why he was entitled to benefit from Proposition 47. The ameliorative provisions of Proposition 47 apply only to specific charges, one of which is not felony FTA. (See § 1170.18, subd. (b).) Proposition 47 did not apply to defendant's conviction on count 1; his counsel was not ineffective. Further, without a certificate of probable cause, defendant cannot challenge the sufficiency of the factual basis to his plea--which requires an admission of failure to appear on a pending felony charge--as it appears may be his intention in making this vague claim. (See *People v. Thurman* (2007) 157 Cal.App.4th 36, 44, fn. 6 [a challenge to determination of adequacy of factual basis for plea challenges the legality of the plea].)

Defendant also contends he should not have been charged with possession of concentrated cannabis because he has a "valid 215 card." But that charge (indeed the entire case, No. 658) was dismissed pursuant to the plea agreement and is not on appeal in this court; thus, we lack jurisdiction to address this claim.

Next, defendant claims he should have been sentenced to only one year in county jail. In support of his claim, defendant relies on the language of section 1320, subdivision (b), which provides in relevant part that "upon conviction [the defendant] shall be punished by a fine not exceeding five thousand dollars ($5,000) *or by imprisonment pursuant to subdivision (h) of Section 1170, or in the county jail for not more than one year*, or by both that fine and imprisonment." (Italics added.) This statute provides for alternative sentencing, meaning the court had discretion to impose sentence pursuant to the triad found in section 1170, subdivision (h)--a choice of 12, 24, or 36 months. Here, the court chose the middle term of 24 months, a sentence well within its discretion.

Finally, defendant protests that he was not in possession of a firearm. He cites section 12022.1, but appears instead to be disputing the application of section 12022 [Committing . . . [a] Felony While Armed With a Firearm], with which he was not charged. He was charged with two enhancements pursuant to section 12022.1,

4

subdivision (b), which alleged he was on OR release at the time he committed his FTA offenses. Firearms possession is not relevant here.

B. *Required Modification*

Our independent review of the record reveals that the trial court, apparently inadvertently, failed to dismiss count 2 and strike the section 12022.1 penalty enhancements as to both counts 1 and 2. The dismissal of count 2 is reflected in the minutes, and count 2 is omitted from the abstract of judgment. The enhancements, which are required to be accounted for in the abstract *unless* fully stricken, are also absent from the abstract. At the time of defendant's plea, he pleaded guilty only to count 1, and he did not admit any enhancement. The record in totality reflects that the enhancement to count 1 should be stricken, as well as count 2, necessarily including its enhancement. We modify the judgment to do so (§1260), thus conforming the judgment to the actual plea.

## DISPOSITION

The judgment is modified to dismiss count 2 and strike the enhancement to count 1. As modified, the judgment is affirmed. No new abstract of judgment is required.

/s/
Duarte, J.

We concur:

/s/
Hull, Acting P. J.

/s/
Hoch, J.

5