Filed 2/4/16  P. v. Schmitz CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>　　v.<br><br>TOMMY LEE SCHMITZ,<br><br>　　　　Defendant and Appellant. | C079304<br><br>(Super. Ct. No. CM028152) |

　　　　Appointed counsel for defendant Tommy Lee Schmitz asked this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.

BACKGROUND

　　　　Defendant drove under the influence of alcohol in October 2007 and collided with another vehicle.  He killed one person and injured four others.

1

Defendant pleaded no contest to gross vehicular manslaughter while intoxicated (Pen. Code, § 191.5, subd. (a))[1] and driving with a blood-alcohol content of 0.08 or greater, causing injury (Veh. Code, § 23153, subd. (b)). He admitted enhancement allegations that he served three prior prison terms (§ 667.5, subd. (b)) and personally inflicted great bodily injury on three victims (§ 12022.7; Veh. Code, § 23558). The prior prison term enhancement allegations were based on three prior convictions for receiving stolen property, two in California (§ 496, subd. (a)(1)) and one in Arizona (A.R.S. § 13-1802(A)(5)).

The trial court sentenced defendant to 17 years in state prison. Defendant appealed and in March 2009 we affirmed the judgment in an unpublished opinion. (*People v. Schmitz* (Mar. 16, 2009, C058522) [nonpub. opn.].)

Defendant subsequently filed a petition pursuant to section 1170.18 asking the trial court to reduce his prior receiving-stolen-property crimes to misdemeanors. The trial court denied the petition, finding defendant ineligible. Defendant now appeals the denial of his petition.

DISCUSSION

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra,* 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. Defendant filed a supplemental brief.

It remains an open question whether the protections afforded by *Wende* and the United States Supreme Court decision in *Anders v. California* (1967) 386 U.S. 738 [18 L.Ed.2d 493] apply to an appeal from an order denying a petition brought pursuant

---

[1] Undesignated statutory references are to the Penal Code.

to section 1170.18. The California Supreme Court has not decided the question. The *Anders/Wende* procedures address appointed counsel's representation of an indignant criminal defendant in the first appeal as a matter of right and courts have been loath to expand their application to other proceedings or appeals. (See *Pennsylvania v. Finley* (1987) 481 U.S. 551 [95 L.Ed.2d 539]; *Conservatorship of Ben C.* (2007) 40 Cal.4th 529; *In re Sade C.* (1996) 13 Cal.4th 952; *People v. Dobson* (2008) 161 Cal.App.4th 1422; *People v. Taylor* (2008) 160 Cal.App.4th 304; *People v. Thurman* (2007) 157 Cal.App.4th 36; *Glen C. v. Superior Court* (2000) 78 Cal.App.4th 570.) Nonetheless, in the absence of authority to the contrary, we will adhere to *Wende* in the present case, where counsel has already undertaken to comply with *Wende* requirements and defendant has filed a supplemental brief.

Turning to the contentions in defendant's supplemental brief, Proposition 47, the Safe Neighborhoods and Schools Act (the Act), which was enacted three days before the second sentencing hearing, requires "misdemeanors instead of felonies for nonserious, nonviolent crimes . . . unless the defendant has prior convictions for specified violent or serious crimes." (Voter Information Guide, Gen. Elec. (Nov. 4, 2014) text of Prop. 47, p. 70.) Among the affected crimes is receiving stolen property which, barring certain exceptions not relevant here, is now a misdemeanor unless the amount received exceeds $950 in value. (§ 496, subd. (a).) Defendant contends in his supplemental brief that he is entitled to resentencing on his prior prison term allegations because they were based on convictions for receiving stolen property, which are now misdemeanors following the passage of Proposition 47.

But the trial court found defendant ineligible for Proposition 47 relief because he had been convicted of gross vehicular manslaughter in violation of section 191.5, a crime excepted from Proposition 47 relief by reference in section 1170.18, subdivision (i) to section 667, subdivision (e)(2)(C)(iv)(IV). Our review of the record discloses no error.

3

Defendant further asserts that even if he is ineligible for relief under section 1170.18, the unequal application of that statute violates equal protection. However, based on our review of the record, we cannot say that defendant is similarly situated to those entitled to relief under section 1170.18. His contention lacks merit on that basis.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The trial court's order denying defendant's petition is affirmed.

                                       /S/
                                         Mauro, J.

We concur:

   /S/
Robie, Acting P. J.

   /S/
Murray, J.

4