Filed 2/24/16  P. v. Chaidez CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ROBERTO CHAIDEZ,<br><br>Defendant and Appellant. | C078625<br><br>(Super. Ct. Nos. 88720, 88721) |

Appointed counsel for defendant Roberto Chaidez asked this court to review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we affirm the judgment.

In 1989, in cases No. 88720 and 88721, a jury convicted defendant Roberto Chaidez of two counts of receiving stolen property (Pen. Code, § 496[1]) and one count each of first degree burglary (§ 459), child endangerment (§ 273a), vehicle theft (Veh.

---

[1]    Undesignated statutory references are to the Penal Code.

1

Code, § 10851), and leaving the scene of an accident (Veh. Code, § 20002, subd. (a)). (*People v. Chaidez* (Nov. 9, 2001, C037970) [nonpub. opn.].) The jury found true allegations defendant committed a felony while released from custody (§ 12022.1) and had sustained a prior serious felony conviction (§ 667, subd. (a)). (*People v. Chaidez, supra*, C037970.) Defendant was sentenced to serve 15 years eight months in state prison. The judgment was affirmed on appeal. (*People v. Chaidez, supra*, C037970.)

In early 2015, defendant filed a petition for "re-designation of sentence" in both cases. Both petitions sought to reduce certain felony convictions to misdemeanors pursuant to Proposition 47.

Case No. 88720:

On February 6, 2015, the trial court denied defendant's petition due to ineligibility based on current convictions. Defendant filed a motion for hearing and reconsideration of the trial court's denial of resentencing under Proposition 47. On March 3, 2015, the trial court determined the items in the two counts of receiving stolen property did not exceed $950 in value and designated those convictions to be misdemeanors.

Case No. 88721:

On January 16, 2015, the trial court denied defendant's petition due to ineligibility based on current convictions. Defendant filed a motion for hearing and reconsideration of the trial court's denial of resentencing under Proposition 47. On March 3, 2015, the trial court denied defendant's motion for hearing and reconsideration.

On February 19, 2015, defendant, in propria persona, filed a notice of appeal in both cases "after resentence of acquittal judgment" from the trial court's judgment of January 16, 2015.[2]

---

[2]    Based on the date of the judgment being appealed, it appears defendant is appealing from the trial court's denial of his petition in case No. 88721. We note the notice of appeal was filed *after* the trial court's first order denying the petition and *before*

Defendant completed serving his sentence in cases No. 88720 and 88721. He is currently serving a 60-years-to-life prison term for an unrelated conviction in San Diego County.

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.

Whether the protections afforded by *Wende, supra,* 25 Cal.3d 436, and the United States Supreme Court decision in *Anders v. California* (1967) 386 U.S. 738 [18 L.Ed.2d 493] apply to an appeal from an order denying a petition brought under section 1170.18, remains an open question. Our Supreme Court has not spoken. The *Anders/Wende* procedures address appointed counsel's representation of an indigent criminal defendant in the first appeal as a matter of right and courts have been loath to expand their application to other proceedings or appeals. (See *Pennsylvania v. Finley* (1987) 481 U.S. 551 [95 L.Ed.2d 539; *Conservatorship of Ben C.* (2007) 40 Cal.4th 529; *In re Sade C.* (1996) 13 Cal.4th 952; *People v. Dobson* (2008) 161 Cal.App.4th 1422; *People v. Taylor* (2008) 160 Cal.App.4th 304; *People v. Thurman* (2007) 157 Cal.App.4th 36; *Glen C. v. Superior Court* (2000) 78 Cal.App.4th 570.) Nonetheless, in the absence of Supreme Court authority to the contrary, we believe it prudent to adhere to *Wende* in the present

---

the trial court's denial of defendant's motion for hearing and reconsideration. For purposes of this opinion, we construe the appeal to be from the subsequent order as well. (Rules of Court, rule 8.100(a)(2) ["notice of appeal must be liberally construed"].)

case, where counsel has already undertaken to comply with *Wende* requirements and defendant has filed a supplemental brief.[3]

Defendant's supplemental brief raises four contentions. He first asserts the trial court had a duty to guarantee the "sentence calculation is not greater length in time." While a petition for redesignation and resentencing cannot result in a longer sentence for defendant (§ 1170.18, subd. (e)), defendant had already served his term by the time he filed his petition, making resentencing unwarranted.

Defendant next contends the trial court had a duty to conduct a hearing upon request. Where a defendant has already served his or her sentence for a crime covered by Proposition 47, a court may grant or deny a petition to redesignate the offense a misdemeanor without a hearing, unless the applicant requests the hearing. (§ 1170.18, subd. (h).) Since the trial court granted defendant's request as to the only crimes covered by Proposition 47 (see § 1170.18, subd. (a)), he was not prejudiced by the court's decision to make the order without a hearing.

Defendant also contends the trial court had a duty to enforce the guarantees of subdivisions (e) and (h) of section 1170.18. This contention does not need to be addressed because the merits of subdivisions (e) and (h) of section 1170.18 have been addressed in defendant's first two contentions.

Defendant's last contention is that appellate counsel was ineffective. Since our review identifies no meritorious claim overlooked by appellate counsel, we reject this contention.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

---

[3] We deny defendant's requests to augment the record with materials related to his 1989 trial, filed September 18, 2015, as they are irrelevant to the trial court's denial of his petition for resentencing.

# DISPOSITION

The judgments (orders) are affirmed.

_____/s/_____

HOCH, J.

We concur:

_____/s/_____

BUTZ, Acting P. J.

_____/s/_____

DUARTE, J.