[No. E040720. Fourth Dist., Div. Two. Nov. 21, 2007.]

THE PEOPLE, Plaintiff and Respondent, v.
NICHOLAS E. THURMAN, Defendant and Appellant.

---

## COUNSEL

Stephen S. Buckley, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Barry J.T. Carlton and Sharon L. Rhodes, Deputy Attorneys General, for Plaintiff and Respondent.

---

## OPINION

**McKINSTER, Acting P. J.**—Defendant Nicholas E. Thurman appeals from a judgment entered, in part, after a guilty plea. He asserts that the issues he seeks to raise are cognizable on appeal, despite his failure to obtain a certificate of probable cause, because the trial court assured him that he could do so. We conclude that the issues either lack merit or would not be cognizable on appeal even if a certificate of probable cause had been issued, or both. We also reject defendant's contention that an attorney who was appointed by the trial court to investigate possible grounds for a motion for a new trial should have been required to file a *"Wende/Anders"* pleading[1] setting forth the issues he considered and rejected, in order to facilitate appellate review of the adequacy of his representation.

### PROCEDURAL HISTORY

A jury found defendant guilty of assault by means likely to cause great bodily injury (Pen. Code, § 245, subd. (a)(1); count 2); criminal threats (Pen. Code, § 422; count 3); second degree robbery (Pen. Code, § 211; count 4); and false imprisonment by violence (Pen. Code, § 236; count 5). The jury found defendant not guilty of attempted murder (Pen. Code, §§ 187, subd. (a), 664), as charged in count 1. It also found him not guilty of the lesser offense of attempted voluntary manslaughter (Pen. Code, §§ 192, subd. (a), 664), but was unable to reach a verdict on the lesser included

---

[1] *People v. Wende* (1979) 25 Cal.3d 436 [158 Cal.Rptr. 839, 600 P.2d 1071]; *Anders v. California* (1967) 386 U.S. 738 [18 L.Ed.2d 493, 87 S.Ct. 1396].

offense of attempted second degree murder. The jury also deadlocked on counts 6 and 7, unlawful driving or taking of a vehicle (Veh. Code, § 10851, subd. (a)) and carjacking (Pen. Code, § 215, subd. (a)), respectively, and on hate crime allegations (Pen. Code, § 422.75, subd. (a)).[2]

The trial court declared a mistrial as to counts 1, 6, and 7 and the hate crime allegations, and set the matter for retrial. The court granted the prosecution's motion to dismiss the attempted murder charge. After the court denied defendant's motion to dismiss counts 6 and 7, defendant agreed to a plea bargain whereby he pled guilty to carjacking (count 7) in exchange for a three-year concurrent term on that count and dismissal of count 6 and the hate crime allegations.

The court sentenced defendant to an aggregate prison term of four years. Defendant filed a timely notice of appeal. He did not seek a certificate of probable cause.

## FACTS

Outraged by a perceived homosexual advance, defendant, assisted by an accomplice, beat and kicked the victim, hog-tied him with telephone cords, gagged him, and placed him facedown in a bathtub filled with water. Defendant told the victim that he was going to kill him.

Before placing the victim in the bathtub, the men took the victim's cell phone, wallet, credit cards, keys and cash from his pockets. After being submerged facedown for about 10 seconds, the victim managed to flip himself over. When defendant and his accomplice saw that the victim had freed one arm from the bindings, they fled from the motel room where the incident took place.

The victim extricated himself from the bindings and exited the room. He saw that his van was gone. It had been parked directly outside the door to the motel room. He went to the motel manager's office and asked a clerk at the front desk to call 911. The telephone cords were still attached to a belt loop on his pants, and he was wet, bruised and bleeding. The victim suffered cuts to his head and had bruises on his shoulder, chest, back and head.

Defendant admitted to police that he had punched and hit the victim and had tied him up, taken the items from the victim's pockets, and placed him in the bathtub. He admitted as well that he took the victim's van and drove it to Pomona, where he abandoned it. However, he insisted that he had acted alone

---

[2] All further statutory references will be to the Penal Code unless otherwise indicated.

and that there was no one else in the motel room at the time. He claimed that the assault was justified by the victim's sexual advances.

## LEGAL ANALYSIS

### APPELLATE REVIEW OF ISSUES PERTAINING TO COUNT 7 IS BARRED BY SECTION 1237.5

The jury deadlocked on count 6, unlawful taking or driving of a vehicle, and on count 7, carjacking. After the prosecutor announced his intention to retry defendant on those counts, defendant filed a motion to dismiss both counts. The court denied the motion. Thereafter, defendant agreed to plead guilty to count 7 in return for a concurrent three-year term on that count and dismissal of count 6. His plea was accepted by the court, count 6 was dismissed, and judgment was entered on count 7. Defendant now contends that the court erred in denying his motion, and that the conviction on count 7 must be "stricken without remand for retrial" because the carjacking charged in count 7 was based on the same conduct as the robbery charged in count 4. Defendant also contends that the judgment on count 7 must be reversed and the charge dismissed because there was insufficient evidence that the car was taken from the victim's person or his immediate presence, as required by section 215, thus negating the factual basis for the plea.

■ Section 1237.5 provides, "No appeal shall be taken by the defendant from a judgment of conviction upon a plea of guilty or nolo contendere, or a revocation of probation following an admission of violation, except where both of the following are met: [¶] (a) The defendant has filed with the trial court a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings. [¶] (b) The trial court has executed and filed a certificate of probable cause for such appeal with the clerk of the court." A certificate of probable cause is a condition precedent to any appeal within its scope, and the defendant must comply with all statutory requirements. (*People v. Mendez* (1999) 19 Cal.4th 1084, 1098–1099 [81 Cal.Rptr.2d 301, 969 P.2d 146].) The Attorney General contends that, having pled guilty on count 7, defendant cannot attack the judgment on that count without having obtained a certificate of probable cause.

Defendant concedes that he did not obtain a certificate of probable cause. He contends, however, that the trial court assured him that he could appeal from the judgment with respect to all issues pertaining to count 7. He contends that this assurance was part of the plea bargain and must be specifically enforced as the "functional equivalent" of a certificate of probable cause. He bases this contention on the following colloquy: "The Defendant: I

understand that, but like it was the same thing that [defense counsel] argued the motion [to dismiss counts 6 and 7] on and I just truly feel that I'm being punished for the robbery and the carjacking when they say I'm only supposed to be punished for one.

"[Defense counsel]: And we filed a motion. The motion was denied. I've indicated to him that after you take the plea and after he's sentenced, I will file the notice of appeal as to those issues.

"The Court: And you can."[3]

We see no basis in the record for concluding that the trial court intended to waive the requirements of section 1237.5. Neither the court nor either party mentioned waiving a certificate of probable cause. In the absence of any evidence to the contrary, we conclude that when the court said that defendant could file a notice of appeal, it meant that he could file the notice of appeal, check the box indicating that it was an appeal after a guilty plea, and execute the request for a certificate of probable cause, which is a part of the Judicial Council form used for felony notices of appeal. We also see no basis in the record for concluding that defendant understood the court's assurance that he could appeal to mean that he could do so without having obtained a certificate of probable cause, and that he based his decision to enter into the plea bargain on that understanding.

Even if we assume that the court did intend to assure defendant that it would waive the requirements of section 1237.5, however, such a promise is unenforceable because courts have no authority to waive any of the requirements for issuance of a certificate of probable cause. (*People v. Mendez, supra,* 19 Cal.4th at p. 1098.) And, even if we further assume that in deciding to enter into the plea bargain, defendant relied on the understanding that he did not need to obtain a certificate of probable cause in order to preserve his right to appeal, his only remedy is to seek to withdraw his guilty plea: When a trial court has agreed to preserve a defendant's right to appeal in a manner contrary to law, or has purported to confer a right to appeal where none exists, and the defendant has relied on the promise to his detriment, the defendant's remedy is to file a motion to withdraw his guilty plea. (*People v. DeVaughn* (1977) 18 Cal.3d 889, 895–896 [135 Cal.Rptr. 786,

---

[3] Defendant also relies on the court's comment, during sentencing, that defendant had "a right to appeal from the verdict of the [c]ourt and the judgments of the [c]ourt and all aspects of your cases." Unlike the colloquy quoted above, however, that comment was made after defendant had entered his guilty plea and therefore could not have influenced his decision to plead guilty.

558 P.2d 872]; *People v. Hollins* (1993) 15 Cal.App.4th 567, 574–575 [18 Cal.Rptr.2d 785].) He cannot specifically enforce the agreement.[4]

■ In any event, defendant's contention that he cannot lawfully be convicted of both robbery and carjacking based on the same conduct is without merit.[5] With one exception not pertinent here, a defendant may be convicted of multiple offenses based on the same conduct; however, he can be punished only for the offense which carries the greatest punishment. (*People v. Ortega* (1998) 19 Cal.4th 686, 692–693 [80 Cal.Rptr.2d 489, 968 P.2d 48]; §§ 654, 954.) Section 215 codifies these rules with respect to robbery and carjacking. It provides, "A person may be charged with a violation of this section [prohibiting carjacking] and Section 211 [robbery]. However, no defendant may be punished under this section and Section 211 for the same act which constitutes a violation of both this section and Section 211." (§ 215, subd. (c).) By providing that a person may be charged with both offenses, based on the same conduct, but may not be punished for both, the Legislature expressed its intent to permit multiple convictions of carjacking and robbery based on the same conduct. (*People v. Ortega, supra*, at p. 700.) Thus, even if the carjacking was part of the conduct which constituted the robbery charged in count 4, the court properly denied defendant's motion to dismiss the carjacking count.

■ Defendant's second contention, that there was insufficient evidence to support the judgment on count 7, is not cognizable on appeal, with or without a certificate of probable cause. A guilty plea " 'concedes that the prosecution possesses legally admissible evidence sufficient to prove defendant's guilt beyond a reasonable doubt.' (*People v. Turner*[, *supra*,] 171 Cal.App.3d 116, 125 . . . .) Thus, a guilty plea waives any right to raise questions regarding the evidence, including its sufficiency or admissibility . . . ." (*People v. Egbert* (1997) 59 Cal.App.4th 503, 509 [68 Cal.Rptr.2d 913].) ■ An issue which is not cognizable on appeal following a guilty plea cannot be made cognizable by agreement of the parties or by the issuance of a certificate of probable cause. (*People v. Hoffard* (1995) 10 Cal.4th 1170, 1178 [43 Cal.Rptr.2d 827, 899 P.2d 896] (*Hoffard*); *People v. Hollins, supra*, 15

---

[4] *People v. Arata* (2007) 151 Cal.App.4th 778 [60 Cal.Rptr.3d 160], which defendant cites but as to which he offers no analysis, does not hold otherwise. In *People v. Arata*, the issue is whether a defendant may obtain specific performance of a term of a plea bargain which is based on a statute which was amended, after the date of the plea and the judgment, to abrogate the benefit the defendant bargained for. (*Id.* at pp. 781, 783–789.)

[5] This contention would arguably have been cognizable on appeal if defendant had obtained a certificate of probable cause. (See *People v. Turner* (1985) 171 Cal.App.3d 116, 123–129 [214 Cal.Rptr. 572] [contention that charges should have been dismissed because prosecution was barred by § 654 is cognizable on appeal after guilty plea, if defendant obtains a certificate of probable cause].) Therefore, we address its merits to forestall any claims of ineffective of assistance of counsel in failing to obtain a certificate of probable cause.

Cal.App.4th at p. 574.) Thus, we have no authority to review the sufficiency of the evidence to support the judgment.[6]

At oral argument, defendant's attorney asked us to include in this opinion an admonition to the trial judge, cautioning against making unenforceable assurances that a judgment can be appealed. We agree that courts should tell defendants who are contemplating guilty pleas that they have only limited appeal rights following a guilty plea. Here, however, the court merely acknowledged trial counsel's statement that he would file a notice of appeal: "[Counsel]: [A]fter he's sentenced, I will file the notice of appeal as to those issues. [¶] The Court: And you can." We see no reason for the court to have reminded trial counsel that he would also have to obtain a certificate of probable cause.

### TRIAL COUNSEL WAS NOT REQUIRED TO FILE A "PLEADING CONSISTENT WITH THE REQUIREMENTS OF *WENDE/ANDERS*" UPON FAILING TO FIND ANY BASIS FOR A MOTION FOR NEW TRIAL

After the verdict on counts 2 through 5, the court appointed separate counsel to investigate possible grounds for a motion for new trial. After reviewing the transcripts, the attorney reported to the court that he did not see any grounds for a new trial motion. Defendant now contends that the attorney provided constitutionally deficient representation, within the meaning of *Strickland v. Washington* (1984) 466 U.S. 668 [80 L.Ed.2d 674, 104 S.Ct. 2052], because he failed to file either a motion for new trial or a pleading consistent with *People v. Wende, supra*, 25 Cal.3d 436 (*Wende*), and *Anders v. California, supra*, 386 U.S. 738 (*Anders*), referring to "anything in the record that might arguably support" the motion. (*Anders*, at p. 744.)

Defendant acknowledges that he has found no authority which supports the contention that the *Wende/Anders* procedure applies to a motion for new trial.

---

[6] Citing *Hoffard, supra*, 10 Cal.4th 1170, the Attorney General asserts that a defendant may challenge the factual basis for a guilty plea if he has obtained a certificate of probable cause. *Hoffard* does not, however, address a claim of insufficiency of the evidence at trial to support a conviction. Rather, *Hoffard* addresses a challenge to the legality of a guilty plea based on the trial court's failure to make a sufficient inquiry into the existence of a factual basis for the plea. A determination that there is a factual basis for a guilty plea is procedurally mandated by section 1192.5. (*Hoffard*, at pp. 1174, 1180–1183.) A contention that the court failed to make a sufficient inquiry into the factual basis for the plea thus challenges the legality of the plea and meets the criteria set forth in section 1237.5, subdivision (a) for issues which are cognizable on appeal after a guilty plea. In contrast, a contention that the evidence is insufficient to support the judgment does not challenge the legality of the proceedings, but rather goes to the question of guilt or innocence. It is therefore not cognizable on appeal after a guilty plea. (*Hoffard*, at pp. 1178–1179.)

He argues that because new trial motions are strikingly similar to appeals, the same procedure should apply in order to assure indigent criminal defendants the same quality of representation which can be obtained by those who are able to afford to retain counsel. We do not find defendant's argument persuasive.

■ The purpose of the *Anders/Wende* procedure is to ensure that attorneys who are appointed to represent indigent defendants in the defendant's first appeal conscientiously scrutinize the record and actively assert those issues which may, in the attorney's professional judgment, result in a reversal of the judgment or in a reduction of the defendant's sentence. (*Anders, supra,* 386 U.S. at p. 744; *Smith v. Robbins* (2000) 528 U.S. 259, 277–278, 288 [145 L.Ed.2d 756, 120 S.Ct. 746].) These procedures apply, as a matter of due process and equality of representation, only to a defendant's first appeal as of right. (*Anders, supra,* 386 U.S. at p. 739; *Pennsylvania v. Finley* (1987) 481 U.S. 551, 557 [95 L.Ed.2d 539, 107 S.Ct. 1990]; *People v. Kelly* (2006) 40 Cal.4th 106, 119 [51 Cal.Rptr.3d 98, 146 P.3d 547].)

■ No court, as far as we are aware, has extended these procedures to trial court proceedings, and we see no reason to do so. When addressing the contention that *Anders/Wende* should apply in appeals in juvenile dependency and conservatorship cases, the California Supreme Court has held that due process does not mandate extending those procedures beyond the first appeal of right in a criminal prosecution unless, among other considerations, their absence would significantly increase the risk of erroneous appellate resolution. (*In re Sade C.* (1996) 13 Cal.4th 952, 987–991 [55 Cal.Rptr.2d 771, 920 P.2d 716]; *Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 539 [53 Cal.Rptr.3d 856, 150 P.3d 738].) "Procedures that are practically 'unproductive[]' . . . need not be put into place, no matter how many and how weighty the interests that theoretically support their use." (*In re Sade C., supra,* 13 Cal.4th at pp. 990–991; see also *Conservatorship of Ben C., supra,* at p. 539.)[7] Similarly, due process does not require extending *Anders/Wende* to motions for new trial following a felony conviction because doing so would not significantly reduce the risk that arguably meritorious issues would not be

---

[7] We disagree with defendant's statement that in *Conservatorship of Ben C., supra,* 40 Cal.4th 529 the California Supreme Court mandated that *Anders/Wende* procedures be followed in conservatorship cases. On the contrary, the court expressly declined to extend *Anders/Wende* procedures to conservatorship cases. (*Id.* at pp. 543–544.) The court did authorize appointed appellate counsel in conservatorship cases to file a brief informing the court that he or she had found no arguable issues to be pursued on appeal and setting forth the applicable facts and the law. (*Id.* at p. 544.) In contrast to *Anders/Wende,* however, where the receipt of a brief raising no issues compels the court to engage in the elaborate procedures set forth in *Wende,* and compels the court to decide the case in a written opinion with reasons stated (*People v. Kelly, supra,* 40 Cal.4th at pp. 119–124), in conservatorship cases the no-issue brief itself provides a basis for the court to dismiss the appeal without opinion. (*Conservatorship of Ben C., supra,* at p. 544.)

raised on appeal. Any of the grounds for a new trial, whether or not they were presented in a new trial motion, can also be raised on appeal, if they appear on the face of the record and are·sufficiently developed to permit appellate review.[8] And, if an appointed appellate attorney is unable to discern any such issues from his or her review of the record, a staff attorney from the appellate project responsible for the appointment of counsel in indigent appeals in that appellate district will also examine the record. (*People v. Hackett* (1995) 36 Cal.App.4th 1297, 1311 [43 Cal.Rptr.2d 219]; see Cal. Rules of Court, rule 8.300.) If the project attorney is also unable to discern any arguably meritorious issues, the appellate court too will examine the record and will order

---

[8] Penal Code section 1181 provides: "When a verdict has been rendered or a finding made against the defendant, the court may, upon his application, grant a new trial, in the following cases only:

"1. When the trial has been had in his absence except in cases where the trial may lawfully proceed in his absence;

"2. When the jury has received any evidence out of court, other than that resulting from a view of the premises, or of personal property;

"3. When the jury has separated without leave of the court after retiring to deliberate upon their verdict, or been guilty of any misconduct by which a fair and due consideration of the case has been prevented;

"4. When the verdict has been decided by lot, or by any means other than a fair expression of opinion on the part of all the jurors;

"5. When the court has misdirected the jury in a matter of law, or has erred in the decision of any question of law arising during the course of the trial, and when the district attorney or other counsel prosecuting the case has been guilty of prejudicial misconduct during the trial thereof before a jury;

"6. When the verdict or finding is contrary to law or evidence, but if the evidence shows the defendant to be not guilty of the degree of the crime of which he was convicted, but guilty of a lesser degree thereof, or of a lesser crime included therein, the court may modify the verdict, finding or judgment accordingly without granting or ordering a new trial, and this power shall extend to any court to which the cause may be appealed;

"7. When the verdict or finding is contrary to law or evidence, but in any case wherein authority is vested by statute in the trial court or jury to recommend or determine as a part of its verdict or finding the punishment to be imposed, the court may modify such verdict or finding by imposing the lesser punishment without granting or ordering a new trial, and this power shall extend to any court to which the case may be appealed;

"8. When new evidence is discovered material to the defendant, and which he could not, with reasonable diligence, have discovered and produced at the trial. When a motion for a new trial is made upon the ground of newly discovered evidence, the defendant must produce at the hearing, in support thereof, the affidavits of the witnesses by whom such evidence is expected to be given, and if time is required by the defendant to procure such affidavits, the court may postpone the hearing of the motion for such length of time as, under all circumstances of the case, may seem reasonable.

"9. When the right to a phonographic report has not been waived, and when it is not possible to have a phonographic report of the trial transcribed by· a stenographic reporter as provided by law or by rule because of the death or disability of a reporter who participated as a stenographic reporter at the trial or because of the loss or destruction, in whole or in substantial part, of the notes of such reporter, the trial court or a judge, thereof, or the reviewing court shall have power to set aside and vacate the judgment, order or decree from which an appeal has been taken or is to be taken and to order a new trial of the action or proceeding."

briefing on any arguable issue it finds, thus providing three additional layers of scrutiny beyond that applied by the trial attorney or by the attorney appointed by the court for purposes of a new trial motion. (*Smith v. Robbins*, *supra*, 528 U.S. at p. 266, fn. 1.) Yet another layer of scrutiny at the trial court level would thus clearly be redundant.

If any issue which can be raised in a motion for new trial is suggested by the record but trial counsel has failed to develop the record sufficiently to permit effective appellate review, the defendant's right to review is still sufficiently protected without resort to an *Anders/Wende* procedure. A court-appointed appellate attorney has a duty to investigate any such issues which come to his or her attention during the course of representing the client on direct appeal, and to file a petition for writ of habeas corpus if it appears that trial counsel's failure deprived the defendant of the effective assistance of trial counsel. (*In re Clark* (1993) 5 Cal.4th 750, 783–784, fn. 20 [21 Cal.Rptr.2d 509, 855 P.2d 729]; see also Appellate Defenders, Inc., California Criminal Appellate Practice Manual (July 2007 rev.) §§ 8.2, 8.3 <http://www.adi-sandiego.com/Articles/Manual2007/Manual%20July%202007/Chapter%20Eight%20-%20July%202007.pdf> [as of Nov. 21, 2007] [appointed counsel in the Fourth Appellate District "are expected to pursue remedies outside the four corners of the appeal, including habeas corpus, when reasonably necessary to represent the client appropriately"].)

Finally, extending *Anders/Wende* to new trial motions would in effect mandate that a motion for new trial or an *Anders/Wende* brief be filed in every criminal case: Counsel would either have to file a motion for new trial, or file an *Anders/Wende* brief detailing the issues considered. This would add significantly to the burden on the trial courts without enhancing the likelihood that meritorious issues will be presented and ruled upon.

For all of these reasons, we decline to extend *Anders/Wende* to motions for new trial in criminal proceedings.

 We also reject defendant's contention that his attorney provided ineffective assistance by failing to pursue the new trial motion. A defendant making a claim of ineffective assistance of counsel has the burden to prove that counsel's performance fell below an objective standard of reasonableness and that there is a reasonable probability that, but for the error or omission, the defendant would have obtained a more favorable result. (*Strickland v. Washington*, *supra*, 466 U.S. at pp. 687–694; *People v. Kraft* (2000) 23 Cal.4th 978, 1068 [99 Cal.Rptr.2d 1, 5 P.3d 68].) If the record on appeal fails to show why counsel acted or failed to act, the claim must be rejected on direct appeal, unless counsel was asked for an explanation but failed to give one or

there simply could be no satisfactory explanation. (*People v. Kraft, supra,* at pp. 1068–1069.) Here, trial counsel was not asked for an explanation for his decision not to file a new trial motion, and the record does not reveal the basis for his decision. We presume that counsel rendered adequate assistance and exercised reasonable professional judgment in making significant decisions. (*Strickland v. Washington, supra,* at p. 690; *People v. Holt* (1997) 15 Cal.4th 619, 703 [63 Cal.Rptr.2d 782, 937 P.2d 213].) Defendant does not point to any issues which could have been successfully raised in the new trial motion, and we must therefore presume that his attorney chose not to file a new trial motion he deemed to be without merit.

## DISPOSITION

The judgment is affirmed.

Gaut, J., and King, J., concurred.

Appellant's petition for review by the Supreme Court was denied February 27, 2008, S159437. George, C. J., and Corrigan, J., did not participate therein.