Filed 12/17/15  P. v. Alvarez CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Amador)

----

| | |
|---|---|
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>　　v.<br><br>BLACKIE FLORENCIO ALVAREZ,<br><br>　　　　Defendant and Appellant. | C078992<br><br>(Super. Ct. No. 14CR22359) |

On July 4, 2014, defendant Blackie Florencio Alvarez stole a pair of boots, a bicycle tire and inner tube, and a pack of fly strips from a Kmart.

Defendant pleaded guilty to petty theft with a prior theft conviction.  (Pen. Code, § 666.)[1]  The trial court suspended imposition of sentence and placed defendant on three years' formal probation.  The trial court later revoked and reinstated probation after defendant admitted to violating his probation.

---

[1]  Undesignated statutory references are to the Penal Code.

1

Defendant subsequently filed a petition for resentencing pursuant to section 1170.18. The trial court reduced the conviction for petty theft with a prior to a misdemeanor. Defendant declined probation, and the court sentenced him to one year in county jail, imposed various fines and fees, and awarded him 108 days of presentence credit (54 actual & 54 conduct). Defendant appeals.

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)

Whether the protections afforded by *Wende* and the United States Supreme Court decision in *Anders v. California* (1967) 386 U.S. 738 [18 L.Ed.2d 493] apply to an appeal from an order denying a petition brought pursuant to section 1170.18 remains an open question. Our Supreme Court has not spoken. The *Anders/Wende* procedures address appointed counsel's representation of an indigent criminal defendant in the first appeal as a matter of right and courts have been loath to expand their application to other proceedings or appeals. (See *Pennsylvania v. Finley* (1987) 481 U.S. 551 [95 L.Ed.2d 539]; *Conservatorship of Ben C.* (2007) 40 Cal.4th 529; *In re Sade C.* (1996) 13 Cal.4th 952; *People v. Dobson* (2008) 161 Cal.App.4th 1422; *People v. Taylor* (2008) 160 Cal.App.4th 304; *People v. Thurman* (2007) 157 Cal.App.4th 36; *Glen C. v. Superior Court* (2000) 78 Cal.App.4th 570.) Nonetheless, in the absence of authority to the contrary, we will adhere to *Wende* in the present case, where counsel has already undertaken to comply with *Wende* requirements and defendant has been afforded the opportunity to file a supplemental brief.

Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. Defendant has not filed a supplemental brief within the allocated time. Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

# DISPOSITION

The judgment (order) is affirmed.

                /s/
                Blease, Acting P. J.

We concur:

    /s/
    Hull, J.

    /s/
    Robie, J.