Filed 2/23/16  P. v. Henson CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C079776 |
| Plaintiff and Respondent, | (Super. Ct. Nos. CM041666, CM042000) |
| v. | |
| NATHANIAL TRAE HENSON, | |
| Defendant and Appellant. | |

On August 1, 2014, the owner of a green Honda CRV went back into his home, leaving the parked car running while his nine-year-old daughter was in the backseat. Defendant entered the CRV and the girl left immediately.  He then drove off and was later apprehended by police.

Defendant pleaded no contest to unlawful taking or driving of a vehicle (Veh. Code, § 10851) and was placed on three years' formal probation in case No. CM041666.

1

On September 23, 2014, a person at a gas station noticed defendant was driving a 2004 Mitsubishi Eclipse that had been stolen from her friend.  When she confronted defendant, he removed a backpack from the car and fled.  Defendant was later apprehended by the police.

Defendant pleaded no contest to unlawful driving or taking of a vehicle in case No. CM042000 and the trial court found defendant violated probation in case No. CM041666.  Sentencing defendant in both cases, the court imposed a three-year-eight-month county prison term.

Defendant subsequently filed a petition for resentencing pursuant to Penal Code section 1170.18.  The trial court denied the petition, finding his convictions for unlawful driving or taking of a vehicle were not eligible for resentencing.

We appointed counsel to represent defendant on appeal.  Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)

Whether the protections afforded by *Wende*, and the United States Supreme Court decision in *Anders v. California* (1967) 386 U.S. 738 [18 L.Ed.2d 493], apply to an appeal from an order denying a petition brought by Penal Code section 1170.18, remains an open question.  Our Supreme Court has not spoken.  The *Anders/Wende* procedures address appointed counsel's representation of an indigent criminal defendant in the first appeal as a matter of right and courts have been loath to expand their application to other proceedings or appeals.  (See *Pennsylvania v. Finley* (1987) 481 U.S. 551 [95 L.Ed.2d 539]; *Conservatorship of Ben C.* (2007) 40 Cal.4th 529; *In re Sade C.* (1996) 13 Cal.4th 952; *People v. Dobson* (2008) 161 Cal.App.4th 1422; *People v. Taylor* (2008) 160 Cal.App.4th 304; *People v. Thurman* (2007) 157 Cal.App.4th 36; *Glen C. v. Superior Court* (2000) 78 Cal.App.4th 570.)  Nonetheless, in the absence of authority to the

2

contrary, we believe it prudent to adhere to *Wende* in the present case, where counsel has already undertaken to comply with *Wende* requirements.

Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant. Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment (order) is affirmed.

       HULL       , J.

We concur:

    NICHOLSON   , Acting P. J.

    BUTZ      , J.

3