Filed 3/3/16  P. v. Cook CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C079476 |
| Plaintiff and Respondent, | (Super. Ct. No. 12F8790) |
| v. | |
| ANDREW GRADY COOK, | |
| Defendant and Appellant. | |

In this appeal from the denial of a Penal Code section 1170.18 (Proposition 47)[1] petition for resentencing, appointed counsel for defendant Andrew Grady Cook has filed an opening brief that sets forth the facts of the case and asks that we review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979)

---

[1] Further undesignated statutory references are to the Penal Code.

25 Cal.3d 436 (*Wende*).) Finding no arguable error that would result in a disposition more favorable to defendant, we affirm the judgment.

## BACKGROUND

Around September 27, 2012, defendant received a stolen motorcycle. He pleaded no contest to felony receiving stolen property (§ 496, subd. (a)) and, in unrelated cases, entered no contest pleas to two counts of unlawful driving or taking of a vehicle (Veh. Code, § 10851), one count of possession of a device for smoking a controlled substance (Health & Saf. Code, former § 11364.1), two counts of vehicle theft with a prior (§ 666.5) with two on-bail enhancements (§ 12022.1), and escape (§ 4532, subd. (b)(1)). He was sentenced to a 10-year eight-month term in county prison.[2]

Defendant subsequently filed a Proposition 47 petition for reduction and resentencing on his receiving stolen property conviction. The People responded that defendant was not entitled to reduction because the value of the stolen property (a 1999 Ducati Super Sport motorcycle with 35,000 miles on it) exceeded $950. (See § 496, subd. (a).) The trial court denied the petition without hearing.[3] Defendant appeals without a certificate of probable cause.

## DISCUSSION

Whether the protections afforded by *Wende* and the United States Supreme Court decision in *Anders v. California* (1967) 386 U.S. 738 [18 L.Ed.2d 493] apply to an appeal from an order denying a petition brought pursuant to section 1170.18 remains an open question. Our Supreme Court has not spoken. The *Anders/Wende* procedures address

---

[2] The trial court later modified the sentence to state prison because the original county prison commitment was an unauthorized sentence for escape.

[3] Appellate counsel obtained a settled statement explaining that, pursuant to an informal agreement among "the criminal justice agencies," the Shasta County Superior Court schedules evidentiary hearings in Proposition 47 petitions such as this one only when requested by defense counsel.

appointed counsel's representation of an indigent criminal defendant in the first appeal as a matter of right and courts have been loath to expand their application to other proceedings or appeals. (See *Pennsylvania v. Finley* (1987) 481 U.S. 551 [95 L.Ed.2d 539]; *Conservatorship of Ben C.* (2007) 40 Cal.4th 529; *In re Sade C.* (1996) 13 Cal.4th 952; *People v. Dobson* (2008) 161 Cal.App.4th 1422; *People v. Taylor* (2008) 160 Cal.App.4th 304; *People v. Thurman* (2007) 157 Cal.App.4th 36; *Glen C. v. Superior Court* (2000) 78 Cal.App.4th 570.) Nonetheless, in the absence of Supreme Court authority to the contrary, we believe it prudent to adhere to *Wende* in the present case, where counsel has already undertaken to comply with *Wende* requirements.

Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant. Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.

 

 

 

                                                                  /s/

                                                               Duarte, J.

We concur:

 

 

/s/

Murray, Acting P. J.

 

 

/s/

Hoch, J.

3