Filed 5/10/16  P. v. An CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C079753 |
| Plaintiff and Respondent, | (Super. Ct. No. 05F07414) |
| v. | |
| DAVID AN, | |
| Defendant and Appellant. | |

Defendant David An appeals from the trial court's denial of his petition for resentencing pursuant to Penal Code section 1170.18.[1]  Appointed counsel for defendant filed  an opening brief setting forth the facts of the case and requesting this court to review the record and determine whether there were any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  We affirm the order.

We do not recite the facts of defendant's crime as they are not in the record.

---

[1]  Undesignated statutory references are to the Penal Code.

In 2009 defendant pleaded no contest to assault with a firearm (§ 245, subd. (a)(2)) and admitted personal use of a firearm (§ 12022.5, subd. (a)(1)), personal infliction of great bodily injury (§ 12022.7, subd. (a)), and gang enhancements (§ 186.22, subd. (b)(1)). He was sentenced to a stipulated term of 14 years in state prison.

Defendant subsequently filed a section 1170.18 petition for resentencing, which the trial court denied because the crime was ineligible for relief.

Whether the protections afforded by *Wende* and the United States Supreme Court decision in *Anders v. California* (1967) 386 U.S. 738 [18 L.Ed.2d 493] apply to an appeal from an order denying a petition brought under section 1170.18 remains an open question. Our Supreme Court has not spoken. The *Anders/Wende* procedures address appointed counsel's representation of an indigent criminal defendant in the first appeal as a matter of right, and courts have been loath to expand their application to other proceedings or appeals. (See *Pennsylvania v. Finley* (1987) 481 U.S. 551 [95 L.Ed.2d 539]; *Conservatorship of Ben C.* (2007) 40 Cal.4th 529; *In re Sade C.* (1996) 13 Cal.4th 952; *People v. Dobson* (2008) 161 Cal.App.4th 1422; *People v. Taylor* (2008) 160 Cal.App.4th 304; *People v. Thurman* (2007) 157 Cal.App.4th 36; *Glen C. v. Superior Court* (2000) 78 Cal.App.4th 570.) Nonetheless, in the absence of authority to the contrary, we will adhere to *Wende* in the present case, where counsel has already undertaken to comply with *Wende* requirements and defendant has filed a supplemental brief.

Defendant's supplemental brief asserts that the trial court should have granted his petition because Proposition 47 is to be construed broadly and it does not specify which wobblers qualify for resentencing.

The passage of Proposition 47 created section 1170.18, which states in pertinent part: "A person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under [Proposition 47] had [it] been in effect at the time of the offense may petition for a recall

2

of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by this act." (§ 1170.18, subd. (a); see Voter Information Guide, Gen. Elec. (Nov. 4, 2014) text of Prop. 47, § 14, pp. 73-74.)

Defendant's crime of assault with a firearm is not among those referenced in section 1170.18 and is therefore ineligible for resentencing. The cases cited by defendant do not support his contrary contention. *In re Estrada* (1965) 63 Cal.2d 740 held that if an amended statute mitigates punishment, the amendment will operate retroactively to impose the lighter punishment unless there is a saving clause. (*Id*. at p. 748.) *People v. Gutierrez* (2014) 58 Cal.4th 1354 held that section 190.5, subdivision (b), which addressed life terms for 16- and 17-year-old offenders, did not violate the Eighth Amendment, as interpreted in *Miller v. Alabama* (2012) 567 U.S. ___ [132 S.Ct. 2455, 183 L.Ed.2d 407]. (*Gutierrez*, at pp. 1360-1361.) Neither case supports extending Proposition 47 to cases not enumerated in section 1170.18.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment (order) is affirmed.

                                                            RAYE , P. J.

We concur:

BLEASE , J.

NICHOLSON , J.

3