Filed 5/18/16  P. v. Eppes CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C079595 |
| Plaintiff and Respondent, | (Super. Ct. No. CM037133) |
| v. | |
| GEOFFREY DEXTER EPPES, | |
| Defendant and Appellant. | |

This case comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Having reviewed the record as required by *Wende*, we affirm the trial court's order denying defendant's petition for resentencing pursuant to Proposition 47.  (See Pen. Code, § 1170.18.)[1]

---

[1] Undesignated statutory references are to the Penal Code in effect at the time of the charged offenses.

1

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

**FACTUAL AND PROCEDURAL BACKGROUND**

On the morning of August 26, 2012, defendant pounded on the victims' front door, then kicked the door open.  Defendant said he was looking for someone who owed him money.  The victims told defendant the person had moved, but defendant, who appeared agitated and aggressive, yelled at them and demanded money from them.  After a few minutes, he said he believed they did not know the person he was looking for, apologized for kicking the door in, and left in a black Chevrolet Malibu.  While the victims were speaking to a police officer, another officer noticed a black Chevrolet Malibu near the victims' apartment, parked in the middle of the street and blocking the roadway.  The officer contacted defendant as he was walking quickly toward the car.  Defendant's pupils were dilated, his speech was rapid, he appeared short of breath, and his breath and person emanated a strong odor of alcohol.  After the officers detained defendant, the victims identified him.  At the police station, the officers pat searched defendant and found a bag in his pocket containing cocaine.  At his residence, the officers found numerous controlled substances and a short-barreled shotgun.

Defendant pleaded no contest to first degree burglary (§ 459), possession of cocaine base for sale (Health & Saf. Code, § 11351.5), and felon in possession of a firearm (§ 29800, subd. (a)(1)).  He was sentenced to a six-year state prison term.  We affirmed his conviction in a nonpublished opinion.  (*People v. Eppes* (May 19, 2014, C074244).)

Defendant subsequently filed a section 1170.18 petition for resentencing.  The trial court denied the petition because defendant's convictions were ineligible for resentencing.

2

## DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant.

Whether the protections afforded by *Wende*, and the United States Supreme Court decision in *Anders v. California* (1967) 386 U.S. 738 [18 L.Ed.2d 493], apply to an appeal from an order denying a petition brought by section 1170.18, remains an open question. Our Supreme Court has not spoken. The *Anders/Wende* procedures address appointed counsel's representation of an indigent criminal defendant in the first appeal as a matter of right and courts have been loath to expand their application to other proceedings or appeals. (See *Pennsylvania v. Finley* (1987) 481 U.S. 551 [95 L.Ed.2d 539]; *Conservatorship of Ben C.* (2007) 40 Cal.4th 529; *In re Sade C.* (1996) 13 Cal.4th 952; *People v. Dobson* (2008) 161 Cal.App.4th 1422; *People v. Taylor* (2008) 160 Cal.App.4th 304; *People v. Thurman* (2007) 157 Cal.App.4th 36; *Glen C. v. Superior Court* (2000) 78 Cal.App.4th 570.) Nonetheless, in the absence of Supreme Court authority to the contrary, we believe it prudent to adhere to *Wende* in the present case, where counsel has already undertaken to comply with *Wende* requirements.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

**DISPOSITION**

The judgment is affirmed.


      MURRAY      , Acting P. J.


We concur:


      DUARTE      , J.


      RENNER      , J.