Filed 12/29/20  P. v. Jackson CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>AL TYRONE JACKSON,<br><br>Defendant and Appellant. | B304102<br><br>(Los Angeles County<br>Super. Ct. No. MA070291) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Charles Chung, Judge.  Vacated and remanded with directions.

Rachel Varnell, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Kenneth C. Byrne, Supervising Deputy Attorney General, and Christopher G. Sanchez, Deputy Attorney General, for Plaintiff and Respondent.

Defendant and appellant Al Tyrone Jackson (defendant) admitted violating the conditions of his probation, but he said he was admitting the violation because he planned to challenge the sufficiency of the evidence against him on appeal. The law does not permit that, but the trial court did not correct defendant or advise him such an appellate challenge would not be permitted. The Attorney General concedes defendant is entitled to withdraw his admission as the result of the court's failure to correctly advise defendant, and we agree.

## I. BACKGROUND

In 2019, defendant was convicted of assault with a deadly weapon. By the time of sentencing, defendant had accrued 1,945 custody credits. At the sentencing hearing, the trial court imposed a ten-year prison term, with the execution of that sentence suspended, and five years of formal probation. Defendant was ordered to complete three types of counseling, including domestic violence counseling.

Later that year, the trial court held a hearing to consider defendant's progress on probation. The Probation Department reported defendant was not in compliance with the terms of his probation because he enrolled in an unapproved domestic violence program. The Probation Department recommended defendant "be found in violation and that probation be revoked and a suitable sanction be imposed." The court remanded defendant into custody pending a probation violation hearing.

At the violation hearing, the trial court indicated—over the People's objection—it would sentence defendant to a year in county jail if he admitted the violation and "waive[d] all back time," i.e., all the custody credits he previously earned. The court

2

asked defendant if he would agree to waive his custody credits and defendant replied, "I will waive on the conditions I can file an appeal"—adding, "Can I do that?" The court responded: "You can file an appeal no matter what. Yes." The court then asked defendant why he wanted to appeal and he replied: "You say that I didn't register in a program that was certified and the program is certified." The court told defendant he was entitled to contest the probation violation allegations at a hearing, but defendant replied he would "just appeal it." The court responded: "Okay. Got it. But you still want to admit?" Defendant said, "I'm going to admit, but I will file an appeal."

Defendant proceeded to admit the violation and the court imposed the indicated sentence. Defendant then filed a notice of appeal, with a request for a certificate of probable cause, which the court granted.

## II. DISCUSSION

Defendant contends, and the Attorney General agrees, the trial court did not properly advise defendant about his right to appeal when he admitted violating the terms and conditions of his probation. We agree the court did not correct defendant's mistake of law and we will accordingly remand with directions to permit defendant to withdraw his admission, if he so chooses.

"When a trial court has agreed to preserve a defendant's right to appeal in a manner contrary to law, or has purported to confer a right to appeal where none exists, and the defendant has relied on the promise to his detriment" the defendant is entitled to withdraw his or her plea or admission. (*People v. Thurman* (2007) 157 Cal.App.4th 36, 42-43; accord, *People v. Coleman* (1977) 72 Cal.App.3d 287, 292-293.) That is what happened here.

3

Defendant agreed to admit the probation violation only on the condition that he could appeal and argue there was in fact no violation (because the domestic violence program he enrolled in was approved). That is not permissible (see, e.g., *In re Chavez* (2003) 30 Cal.4th 643, 649), but the court did not correct defendant's mistaken impression when he directly asked whether he could take such an appeal. The record therefore shows defendant admitted the probation violation in reliance on the court's faulty advice, and that fatally undermines the judgment.

## DISPOSITION

The judgment is vacated and the cause is remanded to the trial court with directions to permit defendant to withdraw his admission to the probation violation if he so chooses. If defendant opts not to withdraw his admission, the trial court shall reinstate the judgment.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

BAKER, J.

We concur:

RUBIN, P. J.

MOOR, J.

4