Filed 10/29/21  P. v. Harris CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>JOHNNIE HARRIS,<br><br>        Defendant and Appellant. | C093446<br><br>(Super. Ct. No. 93F08601) |

Appointed counsel for defendant Johnnie Harris asked this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the trial court's order denying his petition for resentencing.

I

In 1994, defendant pleaded guilty to second degree murder after he beat and killed the victim, the daughter of his girlfriend, while he was babysitting.  The parties stipulated defendant "murdered [the victim], age two, by causing 16 of her ribs to be fractured and

1

caused her liver to be severed," and defense counsel clarified defendant "had no intent to kill. This was a matter of extreme frustration, and we're entering this plea upon an implied malice theory."

In 2019, defendant filed a petition for resentencing under Penal Code section 1170.95.[1] The petition alleged that defendant had been charged under a theory of felony murder or murder under the natural and probable consequences doctrine, had pleaded guilty to second degree murder in lieu of going to trial because he believed he could have been convicted of murder under the felony murder rule or the natural and probable consequences doctrine, and could not now be convicted of murder because of changes made to sections 188 and 189 effective January 1, 2019.

The trial court appointed counsel and received briefing from the parties. The trial court then issued a written order denying the petition. In the order, the trial court observed defendant had pleaded guilty to second degree murder "on an implied malice theory," and recited the factual basis for the plea. The trial court further noted defendant could only have been tried on a "malice aforethought theory," explaining there was no evidence "anyone except [defendant] had personally inflicted the fatal injuries on the child victim . . . ; as such, no instruction would have been given at trial on the natural and probable consequences doctrine of accomplice liability. Nor would any felony-murder instruction [have] been given, as the only possible underlying felonies would have been assaultive crimes that would have impermissibly merged with the murder [citation]; further . . . felony child abuse additionally would not have qualified for the second-degree felony-murder rule, as the courts of appeal have held in cases also decided before the instant murder that felony child abuse is not an inherently dangerous felony [citations]." The trial court thus concluded defendant could still be convicted of murder because

---

[1] Undesignated statutory references are to the Penal Code.

2

"he was guilty of second degree murder based solely on a theory of implied malice," and was thus ineligible for relief under section 1170.95.

## II

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. Counsel requested an extension of time for defendant to file a supplemental brief. We granted the request, but no supplemental brief or further requests for an extension of time were received.

Whether the protections afforded by *Wende* and the United States Supreme Court decision in *Anders v. California* (1967) 386 U.S. 738 [18 L.Ed.2d 493] apply to an appeal from an order denying a petition brought pursuant to section 1170.95 remains an open question. Our Supreme Court has not spoken. The *Anders/Wende* procedures address appointed counsel's representation of an indigent criminal defendant in the first appeal as a matter of right and courts have been reluctant to expand their application to other proceedings or appeals. (See *Pennsylvania v. Finley* (1987) 481 U.S. 551, 555 [95 L.Ed.2d 539]; *Conservatorship of Ben C*. (2007) 40 Cal.4th 529, 536-537; *In re Sade C*. (1996) 13 Cal.4th 952, 959, 985-986; *People v. Dobson* (2008) 161 Cal.App.4th 1422, 1438-1439; *People v. Taylor* (2008) 160 Cal.App.4th 304, 312; *People v. Thurman* (2007) 157 Cal.App.4th 36, 39, 45-47; *Glen C. v. Superior Court* (2000) 78 Cal.App.4th 570, 579-580.)

Nevertheless, in the absence of Supreme Court authority to the contrary, we will adhere to *Wende* in the present case where counsel has undertaken to comply with *Wende* requirements. (Cf. *People v. Cole* (2020) 52 Cal.App.5th 1023, 1028, 1034, 1039-1040, review granted Oct. 14, 2020, S264278; *People v. Flores* (2020) 54 Cal.App.5th 266,

3

273-274; *People v. Figueras* (2021) 61 Cal.App.5th 108, 111-113, review granted May 12, 2021, S267870.)

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The trial court's order denying the petition for resentencing is affirmed.


       /S/              

MAURO, J.


We concur:


       /S/              

RAYE, P. J.


       /S/              

KRAUSE, J.