Filed 12/16/21  P. v. Lewis CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E076729 |
| v. | (Super.Ct.Nos. INF1700844, INF1702028 & RIC1902112) |
| RONALD REED LEWIS, | |
| Defendant and Appellant. | OPINION |

APPEAL from the Superior Court of Riverside County.  Gregory J. Olson, Judge. Affirmed.

Edward Mahler, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

INTRODUCTION

Defendant and appellant Ronald Reed Lewis appeals from a resentencing order in which a trial court resentenced him to an aggregate term of 13 years in state prison in case

1

Nos. INF1700844 and INF1702028 following the grant of a petition for writ of habeas corpus. We affirm

## PROCEDURAL BACKGROUND

On May 29, 2018, the trial court conducted proceedings in case Nos. INF1700844 and INF1702028. It considered a *Romero*[1] motion filed by defendant. Defendant had two prior strike convictions, and the court decided to dismiss one of them. He then entered a plea agreement in case No. INF1700844 and pled guilty to robbery (Pen. Code,[2] § 211), misdemeanor possession of methamphetamine (Health & Saf. Code, § 11377[3]), misdemeanor possession of heroin (Health & Saf. Code, § 11350), and misdemeanor possession of drug paraphernalia (Health & Saf. Code, § 11364). Defendant also admitted that he had a prior strike conviction (Pen. Code, §§ 667, subds. (c) & (e)(1), 1170.12, subd. (c)(1)) and two prior serious felony convictions (Pen. Code, § 667, subd. (a)), and that he served seven prior prison terms (Pen. Code, § 667.5, subd. (b)).

Defendant then entered a plea agreement in case No. INF1702028 and pled guilty to assault with a weapon. (§ 245, subd. (a)(1).) He again admitted the prior strike and prison priors.

---

[1] *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.

[2] All further statutory references will be to the Penal Code unless otherwise indicated.

[3] The court misspoke at the hearing and stated the charge as one count of Health and Safety Code section 11733.

The court held a sentencing hearing on June 14, 2018, and sentenced defendant to a total term of 14 years in case No. INF1702028, and a consecutive two years in case No. INF1700844, for an aggregate term of 16 years in state prison in both cases, plus credit for time served.

On March 26, 2019, defendant filed a petition for writ of habeas corpus. On April 29, 2020, the court granted relief finding that the original trial court erred in imposing two separate five-year enhancements under section 667, subdivision (a), as to case No. INF1700844. The habeas court also found that the court had not taken an admission or made any disposition on an enhancement under section 12022.1 in case No. INF702028. The court remanded the matter to the trial court directing it to dismiss one of the two section 667, subdivision (a) enhancements in case No. INF1700844, and address and dispose of enhancements alleged under sections 667, subdivision (a), and 12022.1 in case No. INF1702028.

On October 7. 2020, defendant filed a request for resentencing, asking the court to further consider striking the remaining section 667, subdivision (a) enhancement pursuant to section 1385.

On February 4, 2021, the court held a resentencing hearing at which it considered the order for resentencing from the court issuing the habeas writ, as well as defendant's motion to strike his section 667, subdivision (a) enhancement. After hearing argument from counsel, the court opted not to strike the second section 667, subdivision (a) enhancement. The court went on to otherwise resentence defendant pursuant to the writ order. It sentenced

3

defendant to a total of 11 years in case No. INF1700844.[4] The court then struck the section 12022.1 enhancement and sentenced him to a consecutive two years in case No. INF1702028. Thus, the aggregate sentence in both cases was 13 years.

On March 15, 2021, defendant filed a notice of appeal, in propria persona, and requested that counsel be appointed. On March 18, 2021, appointed counsel filed an amended notice of appeal as to both cases.

## DISCUSSION

Defendant appealed, and upon his request this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 73, setting forth a statement of the case, and identifying two potential arguable issues: (1) whether, on remand, the court should have considered dismissing defendant's second prior strike conviction; and (2) whether trial counsel rendered ineffective assistance of counsel by not requesting the court to exercise its discretion and dismiss the prior strike conviction. Counsel requests that we independently review the record.

We offered defendant an opportunity to file a personal supplemental brief, which he has not done. Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

---

[4] The court sentenced defendant to three years, doubled pursuant to the strike, plus five years on the section 667, subdivision (a) enhancement. It dismissed the other section 667, subdivision (a) enhancement and ran the terms on the misdemeanors concurrent. The court also noted that the law had changed, so it dismissed the prison priors.

We recognize that generally the right to *Wende/Anders* review applies only at appellate proceedings where defendant has a previously established constitutional right to counsel. (*Pennsylvania v. Finley* (1987) 481 U.S. 551, 555; *Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 536-537; *People v. Serrano* (2012) 211 Cal.App.4th 496, 500-501 (*Serrano*); *People v. Thurman* (2007) 157 Cal.App.4th 36, 45.) The constitutional right to appointed counsel extends to the first appeal of right and no further. (*Serrano*, at pp. 500-501.)

Thus, if defendant's motion to strike his section 667, subdivision (a) enhancement was brought and heard independently of any other matters, he would not be entitled to *Wende/Anders* review and we would order the matter dismissed. However, in this case, the trial court ordered defendant's motion heard at the same time as his resentencing pursuant to a court order granting his petition for writ of habeas corpus and ordering him resentenced. Our Supreme Court has held that "when part of a sentence is stricken on review, on remand for resentencing 'a full resentencing as to all counts is appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances.' " (*People v. Buycks* (2018) 5 Cal.5th 857, 893.) Therefore, defendant was entitled at his resentencing to move to dismiss the section 667, subdivision (a) enhancement whether or not he had filed a separate motion. The court's order denying defendant's motion is appealable as an appeal from the final judgment of conviction pursuant to section 1237 as the court's denial of his motion constituted one part of his sentencing.

Therefore, we have conducted a *Wende/Anders* review and find no arguable issues.

5

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS


FIELDS _____
                                                    J.

We concur:


RAMIREZ _____
                    P. J.


MENETREZ _____
                    J.

6