Filed 6/28/22 P. v. Godines CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>PATRICK JOSEPH GODINES,<br><br>    Defendant and Appellant. | C094589<br><br>(Super. Ct. No. 11F05321) |

Appointed counsel for defendant Patrick Joseph Godines asked this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the trial court's order denying his petition for resentencing.

BACKGROUND

In 2014, defendant was convicted of first degree murder with a felony-murder special circumstance, attempted robbery, and first degree burglary. Several firearm enhancements also were found true and defendant was sentenced to life without the possibility of parole, plus 30 years to life. In an unpublished opinion filed in 2018, this court affirmed that judgment. (*People v. Godines* (July 25, 2018, C078214) [nonpub. opn.].)

1

This court described the underlying facts of defendant's crimes as follows: Defendant "opened the door to the bedroom where [his codefendant] was dancing for [the victim] and turned on the lights. He pointed a gun at [the victim] and demanded to know where [the victim] kept his money. [The victim] moved toward the door and [defendant] fatally shot [the victim] in the chest. [Defendant] then told [his codefendant] to '[f]ind the money' before he ran out of the apartment. [His codefendant] also ran out of the apartment and followed [defendant] and [a second codefendant] to the car." (*People v. Godines, supra*, C078214.)

On January 4, 2021, defendant petitioned the trial court for resentencing pursuant to section 1170.95. The trial court appointed counsel and the parties submitted their briefs on the issue. The People opposed defendant's petition on several grounds, including that defendant was the actual killer. The trial court denied defendant's petition after concluding "the jury necessarily found it true that defendant . . . was the actual killer . . . ."

DISCUSSION

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days elapsed and we received no communication from defendant.

Whether the protections afforded by *Wende* and the United States Supreme Court decision in *Anders v. California* (1967) 386 U.S. 738 [18 L.Ed.2d 493] apply to an appeal from an order denying a petition brought pursuant to section 1170.95 remains an open question. Our Supreme Court has not spoken. The *Anders/Wende* procedures address appointed counsel's representation of an indigent criminal defendant in the first appeal as a matter of right and courts have been reluctant to expand their application to other

2

proceedings or appeals.  (See *Pennsylvania v. Finley* (1987) 481 U.S. 551, 555 [95 L.Ed.2d 539]; *Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 536-537; *In re Sade C.* (1996) 13 Cal.4th 952, 959, 985-986; *People v. Dobson* (2008) 161 Cal.App.4th 1422, 1438-1439; *People v. Taylor* (2008) 160 Cal.App.4th 304, 312; *People v. Thurman* (2007) 157 Cal.App.4th 36, 39, 45-47; *Glen C. v. Superior Court* (2000) 78 Cal.App.4th 570, 579-580.)

Nevertheless, in the absence of Supreme Court authority to the contrary, we will adhere to *Wende* in the present case.  (Cf. *People v. Cole* (2020) 52 Cal.App.5th 1023, 1028, 1034, 1039-1040, review granted Oct. 14, 2020, S264278; *People v. Flores* (2020) 54 Cal.App.5th 266, 273-274; *People v. Figueras* (2021) 61 Cal.App.5th 108, 111-113, review granted May 12, 2021, S267870.)

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The trial court's order denying the petition for resentencing is affirmed.


_____/S/_____
MAURO, J.



We concur:



_____/S/_____
ROBIE, Acting P. J.



_____/S/_____
EARL, J.

3