Filed 3/21/16  P. v. Vasquez CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C079232 |
| Plaintiff and Respondent, | (Super. Ct. No. 96F08036) |
| v. | |
| MIGUEL EDWARDO VASQUEZ, JR., | |
| Defendant and Appellant. | |

Defendant Miguel Edwardo Vasquez, Jr., appeals from the trial court's denial of his petition for resentencing pursuant to Penal Code section 1170.18.[1]  Appointed counsel for defendant filed an opening brief setting forth the facts of the case and requesting this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable

---

[1] Undesignated statutory references are to the Penal Code.

1

error that would result in a disposition more favorable to defendant, we will affirm the order.

We provide the following brief description of the facts and procedural history of the case. (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

On October 4, 1996, California Highway Patrol officers found two stolen Chevrolet pickup trucks at an automotive repair shop licensed to defendant.

Defendant pleaded no contest to receiving stolen property (§ 496, subd. (a)) and admitted a prior strike conviction (§§ 1192.7, 667.5, subds. (b)-(i), 1170.12). He was sentenced to four years in state prison and ordered to pay $11,825 in victim restitution for the vehicles.

Defendant subsequently filed a petition for resentencing, which was denied on the ground that the crime was ineligible for relief.

Whether the protections afforded by *Wende* and the United States Supreme Court decision in *Anders v. California* (1967) 386 U.S. 738 [18 L.Ed.2d 493] apply to an appeal from an order denying a petition brought under section 1170.18, remains an open question. Our Supreme Court has not spoken. The *Anders/Wende* procedures address appointed counsel's representation of an indigent criminal defendant in the first appeal as a matter of right and courts have been loath to expand their application to other proceedings or appeals. (See *Pennsylvania v. Finley* (1987) 481 U.S. 551 [95 L.Ed.2d 539]; *Conservatorship of Ben C.* (2007) 40 Cal.4th 529; *In re Sade C.* (1996) 13 Cal.4th 952; *People v. Dobson* (2008) 161 Cal.App.4th 1422; *People v. Taylor* (2008) 160 Cal.App.4th 304; *People v. Thurman* (2007) 157 Cal.App.4th 36; *Glen C. v. Superior Court* (2000) 78 Cal.App.4th 570.) Nonetheless, in the absence of Supreme Court authority to the contrary, we believe it prudent to adhere to *Wende* in the present case,

where counsel has already undertaken to comply with *Wende* requirements and defendant has filed a supplemental brief.

In his supplemental brief, defendant contends his crime qualified for resentencing because the victim received $11,575 from her insurance company for the losses, there was an error in a minute order in the original conviction, and there is an error in the charge disposition sheet describing his offense.

The passage of Proposition 47 created section 1170.18, which provides for any defendant "currently serving a sentence for a conviction . . . of a felony or felonies who would have been guilty of a misdemeanor under [Proposition 47] had [it] been in effect at the time of the offense [to] petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing . . . " under the statutory framework as amended by the passage of Proposition 47. (§ 1170.18, subd. (a); see Voter Information Guide, Gen. Elec. (Nov. 4, 2014) text of Prop. 47, § 14, pp. 73-74.)

As pertinent to this case, Proposition 47 amended section 496 so that receiving stolen property is a misdemeanor unless the property is worth more than $950. (§ 496, subd. (a).) Defendant has the burden of proving that his offense qualifies for resentencing. (*People v. Sherow* (2015) 239 Cal.App.4th 875, 878.)

Any insurance money the victim may have received for her loss does not change the value of the stolen property that defendant received. The record here establishes that stolen vehicles in defendant's possession were worth more than $11,000, well above the amount needed to render his conviction a felony after Proposition 47. Defendant's contentions regarding the minute order and the disposition sheet are not relevant to the subject matter of this appeal—whether the trial court erred in denying defendant's petition. Since the record establishes defendant did not qualify for resentencing, we conclude that the trial court did not err in denying the petition.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment (order) is affirmed.


                                                    BUTZ        , J.


We concur:


_____HULL_____, Acting P. J.


_____DUARTE_____, J.