Filed 8/12/16  P. v. Anthony CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C079739 |
| v. | (Super. Ct. Nos. 97F3057, 93F4813) |
| MICHAEL DAVID ANTHONY, | |
| Defendant and Appellant. | |

In this appeal from the denial of Penal Code section 1170.18 petitions for resentencing[1], appointed counsel for defendant Michael David Anthony has filed an opening brief that sets forth the facts of the case and asks that we review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979)

---

[1]     Proposition 47, as approved by voters, General Election November 4, 2014, effective November 5, 2014, codified as section 1170.18 of the Penal Code (Proposition 47).   Undesignated statutory references are to the Penal Code.

25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we affirm the judgment.

## BACKGROUND

We omit the facts of defendant's crimes as they are unnecessary to resolve this appeal.

On November 2, 1993, defendant pleaded guilty to second degree robbery (§ 211) in case No. 93-4813.  He was sentenced to serve a five-year state prison term.

On October 2, 1997, defendant pleaded guilty to second degree robbery and admitted two strike allegations (§§ 667, subds. (b)-(d), 1170.12) in case No. 93-3057.  He was sentenced to serve 25 years to life.

Defendant subsequently filed section 1170.18 petitions in both cases, both of which the trial court denied without a hearing.

## DISCUSSION

Whether the protections afforded by *Wende* and the United States Supreme Court decision in *Anders v. California* (1967) 386 U.S. 738 [18 L.Ed.2d 493] apply to an appeal from an order denying a petition brought pursuant to section 1170.18 remains an open question.  Our Supreme Court has not spoken.  The *Anders/Wende* procedures address appointed counsel's representation of an indigent criminal defendant in the first appeal as a matter of right and courts have been loath to expand their application to other proceedings or appeals.  (See *Pennsylvania v. Finley* (1987) 481 U.S. 551 [95 L.Ed.2d 539]; *Conservatorship of Ben C.* (2007) 40 Cal.4th 529; *In re Sade C.* (1996) 13 Cal.4th 952; *People v. Dobson* (2008) 161 Cal.App.4th 1422; *People v. Taylor* (2008) 160 Cal.App.4th 304; *People v. Thurman* (2007) 157 Cal.App.4th 36; *Glen C. v. Superior Court* (2000) 78 Cal.App.4th 570.)  Nonetheless, in the absence of Supreme Court authority to the contrary, we believe it prudent to adhere to *Wende, supra,* 25 Cal.3d 436 in the present case, where counsel has already undertaken to comply with *Wende* requirements and defendant has filed a supplemental brief.

In his supplemental brief, defendant contends that (1) the trial court violated due process by denying his petitions without hearing his motion to disqualify the Shasta County District Attorney for conflict of interest, and (2) the summary denial of his petitions violated equal protection.

The passage of Proposition 47 created section 1170.18, which provides: "A person who has completed his or her sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under this act had this act been in effect at the time of the offense, may file an application before the trial court that entered the judgment of conviction in his or her case to have the felony conviction or convictions designated as misdemeanors." (§ 1170.18, subd. (f); see Voter Information Guide, Gen. Elec. (Nov. 4, 2014) text of Prop. 47, § 14, pp. 73-74.) Defendant's robbery offenses are not among the crimes subject to resentencing. (§ 1170.18, subd. (a).)

Defendant's first contention is based on a statement in both petitions that he would be submitting a motion to disqualify the district attorney for Shasta County, Steve Carlton, because Carlton represented defendant in case No. 97-F3057. There is no separate disqualification motion in the record. Since defendant did not file a motion to disqualify in the trial court, his contention is forfeited on appeal. (*People v. Leonard* (2014) 228 Cal.App.4th 465, 481-482.)

As to defendant's second contention, the summary denial of his petitions does not violate equal protection. Defendant's two robbery convictions are serious and violent felonies (§§ 667.5 subd. (c)(9), 1192.7, subd. (c)(19)). Excluding robbery convictions from resentencing is within the stated purpose of Proposition 47. (Voter Information Guide, Gen. Elec. (Nov. 4, 2014) text of Prop. 47, § 2, p. 70 [purpose of Proposition 47 "to ensure that prison spending is focused on violent and serious offenses [and] to maximize alternatives for nonserious, nonviolent crime"].) Determining certain crimes are more serious and therefore deserving of greater punishment does not violate equal

3

protection.  "It is both the prerogative and the duty of the Legislature [or voters] to define degrees of culpability and punishment, and to distinguish between crimes in this regard." (*People v. Turnage* (2012) 55 Cal.4th 62, 74.)  "Courts routinely decline to intrude upon the 'broad discretion' " such policy judgments entail.  (*Ibid*.)

Having undertaken an examination of the record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgments are affirmed.


          /s/          
HOCH, J.

We concur:


          /s/          
BLEASE, Acting P. J.


          /s/          
DUARTE, J.