Filed 9/7/16  P. v. Baker CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>       Plaintiff and Respondent,<br><br>v.<br><br>MATTHEW DEAN BAKER,<br><br>       Defendant and Appellant. | C080084<br><br>(Super. Ct. Nos. CM023515,<br> CM035676, CM038939) |

Appointed counsel for defendant Matthew Dean Baker asked this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the trial court orders.

1

I

On April 8, 2005, around 3:00 a.m., Butte County Sheriff's deputies responded to a report of an alarm at an Oroville school, where they found defendant and another person in a stalled car. Defendant and his companion smelled of gasoline, and there was a bag of tools in the back seat of the car. The school was next to the school district's maintenance yard. Some vehicles in the yard were missing gas caps; the maintenance supervisor said someone tried to remove gasoline from the vehicles. The tools in defendant's car belonged to a coworker of the supervisor.

A jury convicted defendant of receiving stolen property (Pen. Code, § 496)[1] and giving false information to a police officer, a misdemeanor (§ 148.9, subd. (a)). It was determined that defendant had a prior prison term (§ 667.5, subd. (b)) in case No. CM023515. The trial court sentenced defendant to three years in state prison.

This court reversed the receiving conviction. On remand, defendant pleaded no contest to the receiving count and admitted the prior prison term. The trial court sentenced him to three years in prison.

On December 27, 2011, defendant broke into the garage of a business. He pleaded no contest to second degree burglary, and the trial court sentenced him to three years in county jail in case No. CM035676. This court affirmed the conviction.

On June 5, 2013, defendant was found in possession of 0.6 grams of methamphetamine and a small fixed-blade knife. He pleaded no contest to possession of methamphetamine (Health & Saf. Code, § 11377) and admitted a prior prison term in case No. CM038939. The trial court imposed a four-year county jail term. We affirmed the conviction on appeal.

---

[1] Undesignated statutory references are to the Penal Code.

2

Defendant subsequently filed section 1170.18 petitions in case Nos. CM023515 and CM035676. The trial court granted both petitions, redesignating the receiving and burglary convictions as misdemeanors. At a separate hearing in case No. CM038939, defendant's possession conviction was also redesignated as a misdemeanor.

II

Appointed counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra,* 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant.

Whether the protections afforded by *Wende*, and the United States Supreme Court decision in *Anders v. California* (1967) 386 U.S. 738 [18 L.Ed.2d 493], apply to an appeal from an order denying a petition brought by section 1170.18, remains an open question. Our Supreme Court has not spoken. The *Anders/Wende* procedures address appointed counsel's representation of an indigent criminal defendant in the first appeal as a matter of right and courts have been loath to expand their application to other proceedings or appeals. (See *Pennsylvania v. Finley* (1987) 481 U.S. 551 [95 L.Ed.2d 539]; *Conservatorship of Ben C.* (2007) 40 Cal.4th 529; *In re Sade C.* (1996) 13 Cal.4th 952; *People v. Dobson* (2008) 161 Cal.App.4th 1422; *People v. Taylor* (2008) 160 Cal.App.4th 304; *People v. Thurman* (2007) 157 Cal.App.4th 36; *Glen C. v. Superior Court* (2000) 78 Cal.App.4th 570.) Nevertheless, in the absence of authority to the contrary, we will adhere to *Wende* in the present case where counsel has already undertaken to comply with *Wende* requirements.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The trial court orders are affirmed.

_____/S/_____

MAURO, J.

We concur:

_____/S/_____

BUTZ, Acting P. J.

_____/S/_____

MURRAY, J.