Filed 12/22/20  P. v. Castrellon CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E074886 |
| v. | (Super.Ct.No. FVA1301796) |
| MICHAEL ANTHONY CASTRELLON, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Mary E. Fuller, Judge.  (Retired judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Patricia L. Brisbois, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

INTRODUCTION

Defendant and appellant Michael Anthony Castrellon appeals from an order denying his "invitation" to strike his Penal Code[1] section 12022.53 firearm enhancements. (§ 12022.53, subd. (h).) Appointed appellate counsel filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*); *Anders v. California* (1967) 386 U.S. 738 (*Anders*).) We affirm.

PROCEDURAL BACKGROUND

A jury found defendant guilty of first degree murder (§ 187, subd. (a), count 1) and found true firearm enhancement allegations under 12022.53, subdivisions (b), (c), and (d). On March 11, 2016, a trial court sentenced him to 25 years to life on count 1 and a consecutive term of 25 years to life on the section 12022.53, subdivision (d) enhancement, for a total of 50 years to life in state prison. The court stayed the sentences on the other firearm enhancements.

Defendant appealed his conviction, and this court affirmed the judgment. (*People v. Castrellon* (July 3, 2019, E065592) [nonpub. opn.].) Following his appeal, the matter was remanded for the court to consider whether to strike any or all of the firearm enhancements.

On January 9, 2020, defendant filed a document entitled "Invitation to Strike Enhancement Pursuant to Penal Code section 12022.53(h) and 1385." He requested the

---

[1] All further statutory references will be to the Penal Code unless otherwise indicated.

2

court to exercise its discretion in the interest of justice and "strike any and all firearm enhancements," alleging that he suffered from physical and mental health issues.

On January 10, 2020, the court held a hearing and declined defendant's request to strike his firearm enhancements. It stated that the sentence previously imposed would remain. Defendant had an angry outburst and was removed from the courtroom. The court then reimposed the same sentence.

Defendant filed a timely notice of appeal.

<u>DISCUSSION</u>

After the notice of appeal was filed, this court appointed counsel to represent defendant. Counsel has filed a brief under the authority of *Wende*, *supra*, 25 Cal.3d 436 and *Anders*, *supra*, 386 U.S. 738, setting forth a statement of the case, and identifying the following potential arguable issues: (1) whether the trial court abused its discretion when it "declined to strike the firearm enhancement altogether or otherwise consider its discretion to impose sentence under one of the lesser firearm enhancements"; (2) whether the trial court violated defendant's constitutional right to be present when it announced its resentencing decision after he was removed from the courtroom, following his outburst; and (3) whether defense counsel rendered ineffective assistance when he declined the court's offer to have defendant brought back into the courtroom, without first obtaining a valid waiver from defendant. Counsel requests that we independently review the record.

Defendant was offered an opportunity to file a personal supplemental brief, which he has not done.

While we understand that the appellate review procedures under *Wende*, *supra*, 25 Cal.3d 436 and *Anders*, *supra*, 386 U.S. 738, in which we review the record ourselves to determine whether there are any arguable issues generally apply "only to a defendant's first appeal as of right" (*People v. Thurman* (2007) 157 Cal.App.4th 36, 45), we also recognize that we still retain discretion to conduct a *Wende/Anders* review (see generally *Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 544, fn. 7 ["The court may, of course, find it appropriate to retain the appeal."]).  Because the matter was remanded for the court to consider whether to strike the firearm enhancements, we exercise our discretion to conduct an independent review of the record to determine if there are any arguable issues resulting from the court's hearing on the defendant's invitation to strike the firearm enhancement.

We have now conducted an independent review of the record and find no arguable issues.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS


FIELDS _____<br>J.

We concur:

RAMIREZ _____
                P. J.

MILLER _____
             J.

4