Filed 5/25/21 P. v. Neece CA4/2
See dissenting opinion.

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

THE PEOPLE,

    Plaintiff and Respondent,

v.

BRANDON NEECE,

    Defendant and Appellant.

E076360

(Super.Ct.No. FVI1101564)

OPINION

APPEAL from the Superior Court of San Bernardino County. John M. Tomberlin, Judge. Affirmed.

Robert V. Vallandigham, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Defendant and appellant, Brandon Neece, filed a petition for resentencing pursuant to Penal Code section 1170.95,[1] which the superior court denied without prejudice. After defendant filed a notice of appeal, this court appointed counsel to represent defendant.

Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case. We affirm.

## I. PROCEDURAL BACKGROUND

On April 9, 2012, the People charged defendant by felony information with murder (§ 187, subd. (a), count 1), second degree robbery (§ 211, count 2), and two counts of first degree residential burglary (§ 459, counts 3 & 4). On August 26, 2013, pursuant to a negotiated plea, defendant pled guilty to second degree murder (§ 187, subd. (a), count 1) and first degree residential burglary (§ 459, count 4). Pursuant to the negotiated disposition, the court sentenced defendant to an indeterminate term of imprisonment of 15 years to life.

On December 6, 2019, defendant filed a form petition for resentencing pursuant to section 1170.95. Defendant did not check one of the boxes included in box No. 5, which reads: "I did not, with the intent to kill, aid, abet, counsel, command, induce, solicit, request, or assist the actual killer in the commission of murder in the first degree." At the hearing on the petition on February 21, 2020, at which defendant did not appear, the court noted: "One of the boxes needs to be checked. It's not checked. All parts of box five

_____

[1] All further statutory references are to the Penal Code.

2

apply to [defendant]." The public defender observed: "He didn't check it off. That would be correct, so it is facially insufficient." The court denied the petition without prejudice to defendant refilling.

## II. DISCUSSION

We offered defendant an opportunity to file a personal supplemental brief, which he has not done. We recognize that one panel of this court recently held that in uncontested appeals from postjudgment orders, there is no reason to conduct a *Wende* review of the record and that such appeals should be dismissed by order. (*People v. Scott* (2020) 58 Cal.App.5th 1127, 1131-1132 (but see dis. opn. of Miller, J.), review granted Mar. 17, 2021, S266853; accord *People v. Cole* (2020) 52 Cal.App.5th 1023, review granted Oct. 14, 2020, S264278 ["*Wende*'s constitutional underpinnings do not apply to appeals from the denial of postconviction relief."]; accord *People v. Figueras* (2021) 61 Cal.App.5th 108, review granted May 12, 2021, S267870.) We respectfully disagree.

We agree with another panel of this court, which recently held that in uncontested appeals from the denial of a section 1170.95 petition, "we can and should independently review the record on appeal in the interests of justice." (*People v. Gallo* (2020) 57 Cal.App.5th 594, 599 (but see dis. opn. of Menetrez, J.); accord *People v. Flores* (2020) 54 Cal.App.5th 266, 269 ["[W]hen an appointed counsel files a *Wende* brief in an appeal from a summary denial of a section 1170.95 petition, a Court of Appeal is not required to independently review the entire record, but the court can and should do so in the interests of justice."]; see *People v. Allison* (2020) 55 Cal.App.5th 449, 456 ["[W]e have the discretion to review the record in the interests of justice."].) This procedure

3

provides defendants an added layer of due process while consuming comparatively little in judicial resources. Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error and find no arguable issues.

## III.  DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
_____
J.

I concur:


RAMIREZ
_____
P. J.

[*People v. Neece*, E076360]

MENETREZ, J., Dissenting.

Because this is an appeal from a postjudgment order, *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 do not require us to read the entire record ourselves to look for arguable grounds for reversal.  (*People v. Thurman* (2007) 157 Cal.App.4th 36, 45; *People v. Serrano* (2012) 211 Cal.App.4th 496, 498.) Appointed appellate counsel filed a brief raising no issues, and defendant was given the opportunity to file a personal supplemental brief but declined.  The appeal should accordingly be dismissed as abandoned.  (*People v. Cole* (2020) 52 Cal.App.5th 1023, 1039-1040; *People v. Scott* (2020) 58 Cal.App.5th 1127, 1129-1130.)

MENETREZ_____
                                                    J.