Filed 6/30/21  P. v. Craft CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C091752 |
| Plaintiff and Respondent, | (Super. Ct. No. STKCRFE20030008619) |
| v. | |
| JOHN HENRY CRAFT, | |
| Defendant and Appellant. | |

This appeal arises from the trial court's denial of defendant John Henry Craft's request to recall his sentence and resentence him pursuant to Penal Code[1] section 1170, subdivision (d).  Appointed counsel for defendant filed an opening brief setting forth the facts of the case and asking this court to review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Defendant

---

[1]     Undesignated statutory references are to the Penal Code.

1

subsequently filed a supplemental brief contending the court erred in failing to conduct an evidentiary hearing and make certain findings before denying the petition. After reviewing the entire record, we affirm the order.

FACTUAL AND PROCEDURAL BACKGROUND

On July 31, 2003, defendant assaulted a 74-year-old man in a bathroom, hit him twice, grabbed him by the mouth to prevent him from screaming, took his gold watch off of his wrist, and also took over $250 out of his wallet.

On October 24, 2003, defendant was charged with second degree robbery, a felony and elder abuse, a felony. It was alleged as to the robbery that defendant inflicted great bodily injury upon a person who was 60 years of age or older. It was further alleged that defendant had previously been convicted of six prior serious or violent felonies (strikes), that he had been convicted of two prior serious felonies and that he had served two prior prison terms.

On December 19, 2003, following a jury trial in this matter, the jury returned guilty verdicts for both counts. The court denied defendant's motion for new trial. The court also denied defendant's request to dismiss his prior strike allegations. Defendant was then sentenced to 25 years to life as to both counts with the sentence for elder abuse stayed pursuant to section 654. The trial court also sentenced defendant to an additional 10 years for his two prior serious felony enhancements.

On January 24, 2020, the Department of Corrections and Rehabilitation (Department) sent a letter to the trial court recommending that it exercise its authority pursuant to section 1170, subdivision (d), resentence defendant, and strike one or both of the five-year enhancements pursuant to section 667, subdivision (a). In support of that letter, defense counsel filed a bench memorandum on the Department's request for potential resentencing. At a hearing held March 16, 2020, defense counsel submitted on the points and authorities of the bench memorandum. The trial court declined to exercise its discretion to recall defendant's sentence.

2

Defendant filed a timely notice of appeal.

DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d at p. 436.) Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. Defendant filed a supplemental brief arguing the trial court erred in denying the request to recall his sentence without first holding an evidentiary hearing and making requisite findings about whether defendant posed a threat to public safety.

Whether the protections afforded by *Wende* and the United States Supreme Court's decision in *Anders v. California* (1967) 386 U.S. 738 [18 L.Ed.2d 493] apply to an appeal from an order denying a petition brought pursuant to section 1170, subdivision (d) remains an open question. Our Supreme Court has not spoken. The *Anders/Wende* procedures address appointed counsel's representation of an indigent criminal defendant in the first appeal as a matter of right and courts have been loath to expand their application to other proceedings or appeals. (See *Pennsylvania v. Finley* (1987) 481 U.S. 551 [95 L.Ed.2d 539]; *Conservatorship of Ben C.* (2007) 40 Cal.4th 529; *In re Sade C.* (1996) 13 Cal.4th 952; *People v. Dobson* (2008) 161 Cal.App.4th 1422; *People v. Taylor* (2008) 160 Cal.App.4th 304; *People v. Thurman* (2007) 157 Cal.App.4th 36; *Glen C. v. Superior Court* (2000) 78 Cal.App.4th 570.) Nonetheless, in the absence of our Supreme Court's authority to the contrary, we believe it prudent to adhere to *Wende* in the present case, where counsel has already undertaken to comply with *Wende* requirements, *and defendant has filed a supplemental brief*.

Having examined the record pursuant to *Wende*, we find no arguable error that would result in a disposition more favorable to defendant. Section 1170, subdivision (d)(1) provides in relevant part: "When a defendant . . . has been sentenced

3

to be imprisoned in the state prison . . . and has been committed to the custody of the secretary [of the Department] . . . , the court may, within 120 days of the date of commitment on its own motion, or at any time upon the recommendation of the secretary [of the Department] or the Board of Parole Hearings in the case of state prison inmates, . . . or the district attorney of the county in which the defendant was sentenced, recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if he or she had not previously been sentenced, provided the new sentence, if any, is no greater than the initial sentence."

"In deciding whether to recall a sentence under section 1170, subdivision (d)(1), the trial court may exercise its authority 'for any reason rationally related to lawful sentencing.' [Citation.] Further, section 1170, subdivision (d)(1), expressly authorizes the court in resentencing a defendant to consider 'postconviction factors, including, but not limited to, the inmate's disciplinary record and record of rehabilitation while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the inmate's risk for future violence, and evidence that reflects that circumstances have changed since the inmate's original sentencing so that the inmate's continued incarceration is no longer in the interest of justice.' " (*People v. McCallum* (2020) 55 Cal.App.5th 202, 210.)

Here, defendant is mistaken in his assertion that the court was required to conduct an evidentiary hearing or make particular findings prior to denying the request to recall his sentence. Section 1170, subdivision (d)(1) does not by its terms provide that the trial court must hold a hearing on receiving a recommendation to recall an inmate's sentence or in considering whether to recall a sentence. Moreover, any action to be taken upon receiving a recommendation is clearly permissive -- the statute uses the verb "may," not "shall." (§ 1170, subd. (d)(1); *People v. Delson* (1984) 161 Cal.App.3d 56, 62 [no abuse of discretion in refusing to set a hearing on the Department's recommendation for alternative sentencing].)

4

*McCallum* dealt with the same issue of "whether the trial court must hold a hearing prior to ruling on the Secretary's recommendation for recall and resentencing." (*People v. McCallum*, *supra*, 55 Cal.App.5th at p. 212.)  Observing that the statutory provision itself is silent on the issue, the court reviewed other subdivisions of section 1170 in which the Legislature has required a hearing.  (*McCallum*, at p. 212.)  "A review of section 1170 shows the Legislature was well aware of what language to use to require the trial court to hold a hearing before acting on a recommendation or petition to recall a sentence."  (*Id.* at p. 212.)  We agree with *McCallum*'s reasoning that because the Legislature did not include a "hearing" requirement in section 1170, subdivision (d)(1), a trial court may rule on a request for recall and resentencing without conducting a hearing, evidentiary or otherwise.  (*McCallum*, at p. 213.)  We further note that while it was not an evidentiary hearing, the trial court here did in fact conduct a brief hearing on the request to recall defendant's sentence and defense counsel submitted on the points and authorities of the bench memorandum.

Defendant is further mistaken in his claim that the trial court was required to make particular findings about whether defendant would "pose a threat to public safety."  This language is not found anywhere in section 1170, subdivision (d)(1).  Defendant appears to be citing language from another statute containing mandatory language, in contrast to the language of section 1170, subdivision (d)(1):  "Unlike the permissive language in section 1170, subdivision (d)(1) (the court 'may' recall the sentence), section 1170.126, subdivision (f), provides, upon the defendant's filing of a petition, the court 'shall' determine whether the defendant meets the criteria for recall and resentencing, and if the criteria are satisfied, the defendant 'shall be resentenced' unless the court in its discretion determines the petitioner would pose an unreasonable risk of danger to public safety after considering the factors set forth in section 1170.126, subdivision (g)."  (*People v. McCallum*, *supra*, 55 Cal.App.5th at pp. 213-214.)

5

We therefore affirm the trial court's order denying the request to recall his sentence and resentence him.

## DISPOSITION

The order is affirmed.

/s/
Robie, J.

We concur:

/s/
Raye, P. J.

/s/
Duarte, J.

6