Filed 7/16/21  P. v. Wolfington CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C092751 |
| v. | (Super. Ct. No. SP202011) |
| VICTOR WOLFINGTON, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Victor Wolfington asked this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.

I

On September 4, 2012, while on parole after serving a life sentence, defendant was convicted of evading a peace officer as he was driving in the opposite direction of traffic.  (Veh. Code § 2800.4.)  On September 24, 2015, defendant was again released on parole.  One of the provisions of his parole was to participate in a transitional housing program.

1

He successfully completed the program but on November 22, 2019, defendant admitted using methamphetamine and the trial court ordered him to participate in a substance abuse program.

In January 2020, a petition for parole revocation was filed charging defendant with absconding parole supervision and failing to complete the substance abuse program. The violation report alleged a staff member from the program informed the parole officer defendant had attempted to tamper with a urinalysis. Defendant fled the program but turned himself in a week later. Based on defendant's continued pattern of substance abuse and other considerations, the report recommended revocation of parole.

Defendant moved to dismiss the petition for parole revocation based on the parole agency's failure to assess the possibility of remedial sanctions. The trial court denied the motion.

At the parole revocation hearing on September 4, 2020, defendant admitted the absconding violation and the trial court revoked defendant's parole.

Defendant appeals from the denial of his motion to dismiss the petition, and he obtained a certificate of probable cause.

II

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days elapsed, and we received no communication from defendant.

Whether the protections afforded by *Wende* and the United States Supreme Court decision in *Anders v. California* (1967) 386 U.S. 738 [18 L.Ed.2d 493] apply to an appeal from an order denying postconviction relief remains an open question. Some appellate courts have found that it does only when the defendant files a supplemental brief. (See *People v. Cole* (2020) 52 Cal.App.5th 1023, 1039-1040, review granted Oct. 14, 2020,

2

S264278.)  But the California Supreme Court has not addressed the issue.  The *Anders*/*Wende* procedures address appointed counsel's representation of an indigent criminal defendant in the first appeal as a matter of right and courts have been loath to expand their application to other proceedings or appeals.  (See *Pennsylvania v. Finley* (1987) 481 U.S. 551 [95 L.Ed.2d 539]; *Conservatorship of Ben C.* (2007) 40 Cal.4th 529; *In re Sade C.* (1996) 13 Cal.4th 952; *People v. Dobson* (2008) 161 Cal.App.4th 1422; *People v. Taylor* (2008) 160 Cal.App.4th 304; *People v. Thurman* (2007) 157 Cal.App.4th 36; *Glen C. v. Superior Court* (2000) 78 Cal.App.4th 570.)  Nevertheless, in the absence of California Supreme Court authority to the contrary, we apply *Wende* in the present case where counsel has already undertaken to comply with *Wende* requirements.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.


_____/S/_____
MAURO, Acting P. J.



We concur:



\_\_\_\_\_/S/_____
HOCH, J.



\_\_\_\_\_/S/_____
KRAUSE, J.


3