Filed 8/4/21  P. v. Crawley CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>MARC DELANEY CRAWLEY,<br><br>     Defendant and Appellant. | A162244<br><br>(Solano County<br>Super. Ct. No. FCR323242) |

Defendant Marc Delaney Crawley appeals from a postconviction order granting the People's motion to modify his sentence to require him to pay victim restitution.  Crawley's appellate counsel has filed a brief raising no legal issues and asking this court to independently review the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  Counsel informed Crawley of his right to file a supplemental brief, and he has not filed one.  Upon our *Wende* review, we conclude there are no arguable appellate issues requiring further briefing and affirm.

1

# BACKGROUND[1]

In 2016, Crawley drank beer and then crashed his car on a freeway, killing one victim and injuring two others. In 2019, Crawley pleaded no contest to charges for gross vehicular manslaughter while intoxicated (Pen. Code, § 191.5, subd. (a)),[2] driving under the influence causing injury (Veh. Code, § 23153, subd. (a)), and driving with at least a 0.08 percent blood alcohol content causing injury (*id.*, § 23153, subd. (b)), as well as enhancement allegations that Crawley personally inflicted great bodily injury (§ 12022.7, subd. (a)), and caused great bodily injury or death (Veh. Code, § 23558).

The trial court sentenced Crawley to a term of 11 years in state prison. The sentence neglected to make any provision for direct victim restitution as required under section 1202.4, subdivision (f).

In June 2020, we affirmed the judgment and denied Crawley's petition for writ of habeas corpus. (*People v. Crawley*, *supra*, A157317.)

In July 2020, the People filed a motion pursuant to section 1202.46 requesting that the trial court modify Crawley's sentence to require him to pay restitution in the amount of $8,775.00 to the California Victim Compensation Board (Board) as reimbursement for expenses for funeral and mental health services it had paid for on behalf of the deceased victim's family and one of the other victims—plus an additional $1,290.27 to the mother of the deceased victim for funeral expenses she had paid for out of pocket. The People submitted a receipt of payment to Civic Center Chapel made on behalf of the deceased victim's mother in the amount of $1,290.27.

---

[1] We draw our facts pertaining to the underlying offenses from our prior opinion in *People v. Crawley* (June 25, 2020, A157317 [nonpub. opn.]), which is also part of the record of Crawley's present appeal.

[2] Further undesignated statutory references are to the Penal Code.

The People also provided documentation from the Board noting that restitution in the amount of $8,775.00 had been requested by the victims and paid for by the Board. Crawley did not file an opposition.

On March 5, 2021, the trial court conducted a restitution hearing, where counsel for Crawley appeared on his behalf.[3] The prosecutor informed the trial court that Crawley was objecting to the $1,290.27 claimed to have been paid by the deceased victim's mother to Civic Center Chapel for funeral expenses, and not to the $8,775.00 requested by the Board. With respect to the $1,290.27, Crawley's counsel stated: "There's no documentation, and . . . the victim's surviving family was paid for funeral expenses. . . . And I asked for documentation, and all I got was documentation on the state board. And that's pretty much pro forma of, you know, they say they paid it Mr. Crawley is unfortunately stuck with whatever they paid, if presumed to be reasonable, and it doesn't look unreasonable to me. But I am concerned about Mr. Crawley the other amount of money. [*Sic*.] I don't see sufficient documentation."

The prosecutor responded: "[T]his is a receipt for funeral related services and expenses provided by the victim, and under the current state of law, . . . once a receipt is provided, the burden shifts to the defense to challenge that. And I can represent here that this was a receipt provided by the victim for funeral related expenses. It was a separate expense from that paid out from [the Board]."

The trial court then asked the parties if they were submitting the matter, and counsel for Crawley replied, "Yes."

---

[3] Crawley did not personally appear at the hearing. Approximately two months before the hearing, his counsel advised the trial court in a letter stating, "[m]y client would like to waive his appearance on March 5, 2021 at 10:00 a.m. for his Restitution Hearing."

3

The trial court granted the People's motion to modify Crawley's sentence and ordered him to pay victim restitution in the amounts requested.

Crawley appeals. His appointed counsel filed a *Wende* brief and informed him he had a right to file a supplemental brief on his own behalf within 30 days. Crawley did not do so.

## DISCUSSION

Preliminarily, we note that whether the protections afforded by *Wende* or its federal constitutional counterpart, *Anders v. California* (1967) 386 U.S. 738 (*Anders*), apply to an appeal from a postconviction order, such as the restitution order here, remains an open question. Our Supreme Court has not spoken. The *Anders*/*Wende* procedures address appointed counsel's representation of an indigent criminal defendant in the first appeal as a matter of right, and courts have been reluctant to expand their application to other proceedings or appeals. (See *People v. Serrano* (2012) 211 Cal.App.4th 496, 500–501, 503 [*Anders*/*Wende* review not available to defendant facing deportation and challenging postjudgment motion to vacate judgment]; *Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 536–537 [*Anders*/*Wende* review not required in conservatorship proceedings]; *People v. Thurman* (2007) 157 Cal.App.4th 36, 44–45, 47 [*Anders*/*Wende* not applicable in postconviction motions for a new trial]; *In re Sade C.* (1996) 13 Cal.4th 952, 981–984 [*Anders* review not required in cases affecting parental rights]; *Pennsylvania v. Finley* (1987) 481 U.S. 551, 555, 557 [*Anders* review not available in postconviction proceedings].)

Moreover, appellate courts are not in unison with respect to whether we should exercise our discretion to conduct an independent review of the record in an appeal from the denial of postconviction relief if a defendant does not respond to an invitation to file a supplemental brief. (E.g., *People v. Cole*

4

(2020) 52 Cal.App.5th 1023, 1038–1039, review granted Oct. 14, 2020, S264278 [holding appellate courts are not required to independently review record when no supplemental brief filed and may dismiss the appeal as abandoned]; *People v. Flores* (2020) 54 Cal.App.5th 266, 269, 273–274 [although not required, a reviewing court "can and should . . . in the interests of justice" independently review the record even if defendant did not file a supplemental brief]; *People v. Scott* (2020) 58 Cal.App.5th 1127, 1130–1132, review granted Mar. 17, 2021, S266853 [following *Cole*]; *People v. Gallo* (2020) 57 Cal.App.5th 594, 598–599 [following *Flores*]; *People v. Allison* (2020) 55 Cal.App.5th 449, 456 [same].)  We need not wade into this debate, which is currently pending review by our Supreme Court.  (See *People v. Scott, supra*, 58 Cal.App.5th 1127, review granted Mar. 17, 2021, S266853.)

In the absence of Supreme Court authority, we believe it prudent to adhere to *Wende* in the present case, where counsel has undertaken to comply with *Wende* requirements.  Upon conducting an independent review of the record here, we conclude there are no arguable appellate issues requiring further briefing.

Except in circumstances not relevant here, "in every case in which a victim has suffered economic loss as a result of the defendant's conduct, the court shall require that the defendant make restitution to the victim or victims in an amount established by court order, based on the amount of loss claimed by the victim or victims or any other showing to the court. . . ." (§ 1202.4, subd. (f).)  "Victim" includes "[t]he immediate surviving family of the actual victim." (§ 1202.4, subd. (k)(1).)  Mental health counseling expenses are considered economic loss for purposes of restitution.  (§ 1202.4, subd. (f)(3)(C).)  So are funeral expenses, which are recoverable by the family of the deceased victim.  (See § 1202.4, subd. (f)(4)(B); *People v. Rubics* (2006)

5

136 Cal.App.4th 452, 461, disapproved on another ground as stated in *People v. Martinez* (2017) 2 Cal.5th 1093, 1107, fn. 3.)

Furthermore, appellate courts have declined to extend the rule of *People v. Dueñas* (2019) 30 Cal.App.5th 1157—holding due process requires a determination of a defendant's present ability to pay before imposing a restitution fine under section 1202.4, subdivision (b)—to victim restitution under section 1202.4, subdivision (f). (See *People v. Evans* (2019) 39 Cal.App.5th 771, 776–778; accord, *People v. Pack-Ramirez* (2020) 56 Cal.App.5th 851, 859; *People v. Abrahamian* (2020) 45 Cal.App.5th 314, 338; *People v. Allen* (2019) 41 Cal.App.5th 312, 326.)

"The standard of proof at a restitution hearing is preponderance of the evidence, not reasonable doubt." (*People v. Holmberg* (2011) 195 Cal.App.4th 1310, 1319.) The victim must make "a prima facie showing of economic losses incurred as a result of the defendant's criminal acts," and once the victim does so, "the burden shifts to the defendant to disprove the amount of losses claimed by the victim." (*People v. Taylor* (2011) 197 Cal.App.4th 757, 761.)

We review a restitution order for abuse of discretion, broadly and liberally construing a victim's restitution right. (*People v. Taylor*, *supra*, 197 Cal.App.4th at p. 761.) " ' "When there is a factual and rational basis for the amount of restitution ordered by the trial court, no abuse of discretion will be found by the reviewing court." ' " (*In re Johnny M.* (2002) 100 Cal.App.4th 1128, 1132.)

Under these legal standards, there is no question that the prosecution's presentation of documentation showing the costs of the items claimed by the mother of the deceased victim and the Board constituted a prima facie showing for the amount of restitution ordered by the trial court, and that

6

Crawley submitted nothing to rebut these stated losses. Thus, the restitution award was reasonable.

We further conclude that Crawley's absence from the restitution hearing does not warrant disturbance of the restitution award. Because restitution hearings held pursuant to section 1202.4 are sentencing hearings, they are "hearings which are a significant part of a criminal prosecution." (*People v. Dehle* (2008) 166 Cal.App.4th 1380, 1386.) A defendant may waive his or her right to be present at a critical stage of a criminal proceeding. (*People v. Mendoza* (2016) 62 Cal.4th 856, 898–899.) Defense counsel may waive the defendant's presence at a critical stage of criminal prosecution, "but only if there is evidence that the defendant consented to the waiver. [Citations.] At a minimum, there must be some evidence that the defendant understood the right he was waiving and the consequences of doing so." (*People v. Davis* (2005) 36 Cal.4th 510, 532 (*Davis*).) Here, the record shows that defense counsel represented to the court that Crawley informed counsel he "would like to waive his appearance" at the restitution hearing.

Assuming this was insufficient to establish Crawley knowingly and intelligently waived his right to presence at the hearing, we would conclude his absence from the hearing was harmless beyond a reasonable doubt. (See *Davis, supra*, 36 Cal.4th at p. 532.) Here, Crawley's interests were represented by counsel at the restitution hearing. Further, as discussed, there is no dispute that the victims were entitled to restitution, the amounts sought by the Board and the mother of the deceased victim were substantiated by documentation, and Crawley did not come forward with any evidence to show that the claimed losses were unreasonable. Thus, the record contains no evidence that his presence at the restitution hearing would have had any impact at all on the amounts of restitution awarded. We

7

are therefore persuaded that any error in excluding Crawley from the restitution hearing is harmless beyond a reasonable doubt.

In sum and in short, there was nothing arguable about the trial court's victim restitution order.

## DISPOSITION

The order appealed from is affirmed.

_____

Richman, J.

We concur:

_____

Kline, P.J.

_____

Stewart, J.

*People v. Crawley* (A162244)

9