Filed 3/2/22  P. v. Avila CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| THE PEOPLE, | C093992 |
| Plaintiff and Respondent, | (Super. Ct. No. 62151717) |
| v. | |
| ISABEL AVILA, | |
| Defendant and Appellant. | |

This appeal arises from the trial court's denial of defendant Isabel Avila's Penal Code section 1001.36 postconviction request for mental health diversion.[1]  Appointed counsel for defendant filed an opening brief setting forth the facts of the case and asking this court to review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  We will dismiss the appeal.

---

[1]  Further undesignated statutory references are to the Penal Code.

1

## I. BACKGROUND

We quote from our unpublished opinion upholding defendant's conviction in her first appeal:

"Defendant . . . stabbed her live-in boyfriend as he lay sleeping. She then turned the knife on her boyfriend's twin brother. A jury found defendant guilty of one count of attempted murder, one count of corporal injury to a cohabitant, and one count of assault with a deadly weapon−a knife. The jury found true allegations that the attempted murder was willful, deliberate, and premeditated and that defendant personally used a deadly weapon and inflicted great bodily injury under circumstances involving domestic violence. The trial court sentenced defendant to seven years to life plus eight years in state prison." (*People v. Avila* (Jun. 25, 2020, C087087) [nonpub. opn.].) After defendant was convicted, section 1001.36 became effective, which created a pretrial diversion program for certain defendants with mental health disorders. (Stats. 2018, ch. 34, § 24.) Following defendant's appeal, this court conditionally reversed the judgment and remanded for the trial court to hold a diversion eligibility hearing under section 1001.36. (*Avila, supra*, C087087.) In all other aspects, this court affirmed the judgment. (*Ibid.*)

On remand, the trial court conducted an eligibility hearing pursuant to defendant's section 1001.36 motion and reviewed briefs from the parties. In a written decision, the trial court determined mental health diversion was not warranted, denied defendant's motion, and reinstated her convictions, holding that no further sentencing proceedings were required.

Defendant timely appealed.

## II. DISCUSSION

We appointed counsel for defendant, who filed an opening brief that sets forth the facts and procedural history of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*,

25 Cal.3d 436.)  Defendant was advised by counsel of her right to file a supplemental brief within 30 days from the date the opening brief was filed.  More than 30 days have elapsed, and while defendant purported to file a supplemental brief, she submitted only a declaration attaching various documents as exhibits that are already part of our record on appeal unaccompanied by any claim or request for review.

Because defendant appeals from an order denying postconviction relief, she is not entitled to our independent review of the record pursuant to *Wende*.  (*People v. Cole* (2020) 52 Cal.App.5th 1023, 1039, review granted Oct. 14, 2020, S264278; *People v. Figueras* (2021) 61 Cal.App.5th 108, 112-113, review granted May 12, 2021, S267870 [agreeing with *Cole*]; *People v. Serrano* (2012) 211 Cal.App.4th 496, 503.)  As her counsel informed her, however, defendant was entitled to file a supplemental brief.  (See *Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 544, fn. 6; *Cole, supra*, at p. 1039; *Serrano, supra*, at p. 503.)  When, as here, a defendant does not raise any claims or request any supplemental review, we may deem the appeal to be abandoned and dismiss the appeal.  (See *Cole, supra*, at p. 1039; *Serrano, supra*, at pp. 503-504.)  While defendant purported to file a supplemental brief, she submitted only a declaration with a string of exhibits.  Accordingly, we dismiss defendant's appeal.

## III.  DISPOSITION

The appeal is dismissed.

/S/

_____

RENNER, J.

I concur:

/S/

_____

DUARTE, J.

4

MAURO, Acting P. J., Dissenting.

Whether the protections afforded by *People v. Wende* (1979) 25 Cal.3d 436 and the United States Supreme Court decision in *Anders v. California* (1967) 386 U.S. 738 [18 L.Ed.2d 493] apply to an appeal from an order denying a postconviction request for mental health diversion remains an open question.  The California Supreme Court has not addressed the issue.  The *Anders*/*Wende* procedures address appointed counsel's representation of an indigent criminal defendant in the first appeal as a matter of right and courts have been reluctant to expand their application to other proceedings or appeals. (See *Pennsylvania v. Finley* (1987) 481 U.S. 551 [95 L.Ed.2d 539]; *Conservatorship of Ben C.* (2007) 40 Cal.4th 529; *In re Sade C.* (1996) 13 Cal.4th 952; *People v. Dobson* (2008) 161 Cal.App.4th 1422; *People v. Taylor* (2008) 160 Cal.App.4th 304; *People v. Thurman* (2007) 157 Cal.App.4th 36; *Glen C. v. Superior Court* (2000) 78 Cal.App.4th 570.)  Nevertheless, in the absence of California Supreme Court authority to the contrary, I would adhere to *Wende* in the present case where defendant attempted to provide supplemental information to the court.

/S/

_____

MAURO, Acting P. J.

1